## NATURAL ROCK ASPHALT CORPORATION *v.* HIGHWAYS IMPROVEMENT CORPORATION. ET AL.

[No. 13,528. Filed November 19, 1930. Rehearing denied February 23, 1933.]

Graham & Crane, W. S. Carlisle and Parker, Crabill, Crumpacker & May, Hugh E. Reynolds, Burke G. Slaymaker, Clarence F. Merrell, Albert Ward, and Theodore L. Locke, for appellant.

W. J. Spraw and Harker & Irwin, amici curiae, for appellant.

Slaymaker, Merrell, Ward, Locke & Reynolds and Noel, Hickam, Boyd & Armstrong, amici curiae, for appellees.

ENLOE, J.—July 19, 1926, the Highways Improvement Company entered into a contract with the board of commissioners of St. Joseph County for the improving of a certain highway in said county, by resurfacing the same with Kentucky Rock asphalt. In said contract it was provided, inter alia, that said contractor should "promptly pay all debts incurred in the purchasing of said material and in the prosecution of said work." A bond for the faithful carrying out of said contract was given, on which appellee Metropolitan Casualty Insurance Company was surety. One of the conditions of the bond was that said contractor should "pay all debts contracted by said principal in the prosecution of said work, including labor and materials furnished." The appellant herein furnished materials used by said contractor in the prosecution of said work to the value of about $20,000, of which sum about $15,000 remains unpaid. This action was brought to recover such unpaid balance.

The complaint was in one paragraph and a demurrer thereto was sustained, as to said surety, and, after judgment, this appeal followed.

The said surety company contends that said demurrer was rightly sustained because the complaint failed to allege that the appellant had complied with the provisions of §6122, Burns 1926 (Acts 1925, p. 129, §2), by

filing its verified claim with the board of commissioners of said county within 60 days after the last material was furnished, and by failing to bring suit within one year after the filing of such claim.

The question involved in this appeal was settled by this court in the cases of *Concrete Steel Co.* v. *Metropolitan, etc., Co.* (1930), 95 Ind. App. 650, 173 N. E. 651; and *Million* v. *Metropolitan Casualty Co.* (1930), 95 Ind. App. 629, 172 N. E. 569. In harmony with the holding in those cases, we hold the court erred in sustaining said demurrer.

Reversed.

Nichols, J., dissents for the reasons stated in his dissenting opinion in the Million case, *supra*.