METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK *v.* FRANCE LIMESTONE COMPANY.

[No. 14,753. Filed January 23, 1935. Rehearing denied April 19, 1935.]

*James W. Noel, Hubert Hickam, Alan W. Boyd, Robert D. Armstrong,* and *R. Niven Stall,* for appellant.

*Bowers, Feightner & Bowers, Merle N. A. Walker,* and *Victor R. Jose, Jr.,* for appellee.

BRIDWELL, J.—On March 9, 1927, the Highways Improvement Company, a corporation, entered into a contract with the Indiana State Highway Commission for the construction of a highway improvement constituting part of a highway which is designated as state road number 30; bond as required by sec. 8285, Burns 1926, was given by said Highways Improvement Company as contractor, with appellant as surety thereon. This action was brought by appellee against the appellant as surety on said bond to recover the value of material furnished by appellee to said contractor, which material was used in the construction of said highway improvement. The appellant filed its demurrer to the complaint, which was overruled, and appellant excepted. Appellant filed answer in three paragraphs, the first a general

denial and the second and third paragraphs affirmative in character. A reply in general denial was filed to the second and third paragraphs of answer. The cause was tried to the court, which, upon request, made a special finding of facts and stated its conclusions of law thereon. Appellant duly excepted to each conclusion of law. Judgment in favor of appellee for the total sum of $2339.31, and costs, was rendered, and this appeal thereafter perfected, appellant assigning error as follows: (1) The court erred in overruling appellant's demurrer to the complaint; (2) the court erred in its conclusions of law and each of them.

We deem it unnecessary to set forth the complaint in full. It avers, among other alleged facts, the execution of the contract and the bond; the condition of the bond for the payment of all indebtedness incurred on account of the furnishing of any labor or material used in the construction of the improvement; the furnishing of material by appellee to the contractor which was used in the construction of the improvement of the value of $1813.42; and an agreement by the contractor to pay for said material on or about August 12, 1927, and if not then paid to pay interest at six per cent per annum from such date until paid; that said public improvement has not been completed and paid for and has not been finally accepted by said Indiana State Highway Commission, and that no final settlement has been made with said contractor; that repeated demands for payment have been made on appellant and payment refused; that on March 14, 1928, plaintiff (appellee) had filed with defendant (appellant) a statement setting out the indebtedness of said Highways Improvement Company to appellee, and that said debt was due, wholly unpaid, and owing, and that there is now due the appellee said sum of $1813.42, with interest thereon at the rate of six per cent per annum from August 12,

1927, making a total of $2185.12. A copy of the bond and an itemized statement of account for the material furnished are made parts of the complaint by exhibits thereto.

The second paragraph of answer admits many of the allegations of the complaint but denies that the highway improvement described therein had not been finally accepted by the Indiana State Highway Commission, and denies that no final settlement had been made thereon. It is specifically averred therein that on or about the 15th day of December, 1928, said improvement was duly accepted by the said Indiana State Highway Commission, and that no suit by appellee was commenced within a year after said date of acceptance and that this action was not commenced until the 27th day of January, 1931.

The third paragraph of answer alleges that the appellee wholly failed to file with the Indiana State Highway Commission within sixty days after the last item of material furnished by it to the Highways Improvement Company, or at any other time, duplicate verified statements of the amount due and owing by reason of the furnishing of said material, and failed to commence any action against this defendant (appellant) within a year after the date the statement of the amount due and owing is alleged in the complaint to have been furnished to the defendant (appellant).

The demurrer to the complaint is on the ground that said complaint fails to state facts sufficient to constitute a cause of action against the defendant (appellant). The sole memorandum to the demurrer is as follows:

"The complaint fails to allege the filing by plaintiff of duplicate verified statements of the amount due and owing with the State Highway Commission or the Director of the Indiana State Highway Commission within sixty (60) days after the last item of material was furnished or at any other time, as

required by Section 6122, Burns Ann. Stat. 1926, as a condition precedent to any liability of defendant on its bond."

The court did not err in overruling the demurrer to the complaint. It is not required in order to have a cause of action that a person furnishing materials for use in the construction of a highway improvement under a contract made between the Indiana State Highway Commission and any contractor, file with said commission or its director duplicate verified statements of the amount due and owing to the person furnishing the material. He may do so at his option, and thus impound sufficient of the construction fund to pay his claim, but the remedy provided by sec. 6122, Burns 1926, §53-202, Burns 1933, §14085, Baldwin's 1934, is not exclusive, but cumulative only.

The sufficiency of this complaint is challenged for the sole reason of the failure to file such duplicate verified statements, and its allegations are sufficient to state a cause of action under sec. 8285, Burns 1926. See *Million* v. *Metropolitan Casualty Insurance Company* (1933), 95 Ind. App. 628, 172 N. E. 569.

Appellant contends that under the facts as found by the court the conclusions of law are erroneous, and should have been stated in its favor. This contention is made on the grounds that the court in its special finding found as facts that the highway improvement involved was accepted on December 15, 1928, and that this action was not commenced until the 27th day of January, 1931. It is asserted that since more than one year elapsed between the dates of the acceptance of said highway and the commencement of the action, recovery against appellant as surety on said bond could not be had because of such fact, and by reason of the provision of sec. 8285, Burns 1926, *supra.*

No good purpose would be served by setting out herein the special finding of facts in its entirety. In finding number two, the court finds, among other things, that the contract was entered into between the Indiana State Highway Commission and the Highways Improvement Company on or about the 9th day of March, 1927, and sets forth a copy of such contract and the bond given at the time of its execution. One of the clauses of said contract is as follows:

"It is further mutually agreed that the plans, profiles, specifications and drawings for said improvement, and the bid and bond of second party are hereby made a part of this contract, the same as if herein fully set forth."

In finding number three the court finds that the specifications referred to in said contract are the "Standard Specifications for Federal and State Road Construction" adopted by the State Highway Commission of the State of Indiana in the year 1923, and on file in the office of said commission, and that section (51) of said standard specifications is as follows:

"Acceptance and Final Payment. Upon completion of the work, the Engineer will inspect same, and if found satisfactory, will prepare a final estimate of the work done. The Director will certify to the State Auditor the balance due the Contractor and said certificate shall be deemed an acceptance of the work by the state."

In addition, the court finds that no other section or provision of said specifications refers to the acceptance of completed highways.

Finding number eight is:

"That the work on the construction of said highway, identified as Federal Aid No. 77, Section D, being a part of State Road No. 30, was completed prior to November 30, 1927, and the Highway Commission engineer inspected said work and found the same satisfactory on November 30, 1927, and prepared a final estimate of the work done and the balance due the contractor on March 14, 1928."

Findings numbers 9, 12, 13 ,and 14, are as follows:

(9). "That on the 15th day of December, 1928, the Indiana State Highway Commission issued a final estimate to the contractor, Highways Improvement Company, and upon such final estimate caused to be issued a certificate or warrant on the 15th day of December, 1928, directed and delivered to the Auditor of State for the payment of such final estimate, and that on the 15th day of December, 1928, such final estimate warrant, or voucher, was delivered to such Trustees, and endorsed by them, and the money received by such Trustees, in the sum of $24,056.08."

(12). "That the State of Indiana issued a warrant for $24,056.08 on December 15th, 1928, payable to the Highways Improvement Company, the contractor, which warrant was receipted for by the Metropolitan Casualty Insurance Company of New York, assignee, by Howe S. Landers, attorney-in-fact, and said warrant was endorsed by said Metropolitan Casualty Insurance Company of New York, legal assignee, by Howe S. Landers, and was paid by the order of the Metropolitan Casualty Insurance Company of New York; that said warrant was the last payment on said contract heretofore set out for the construction of the highway identified as Section D, Federal Aid Project 77, being a part of State Road 30, for which, and on which material furnished by the plaintiff was used."

(13). "That the said highway improvement was physically accepted by the State Highway Commission of the State of Indiana on the 15th day of December, 1928."

(14). "That the plaintiff failed to commence any action against the defendant upon said bond for the payment of said materials until the commencement of this action on the 27th day of January, 1931."

By other findings it appears that the appellee furnished stone to the contractor, Highways Improvement Company, which was used in the construction of said highway, the contract price and reasonable market value of which amounted to $1813.42, the last item of

the material being furnished on July 12, 1927, and that there is unpaid to the appellee, on account of material furnished, said amount, with interest at the rate of six per cent per annum from the 12th day of August, 1927; that on or about the 14th day of March, 1928, appellee, by letter, notified appellant of its claim for material furnished to the contractor, and demanded payment of said account.

Other facts are found by the court, but we deem the facts hereinbefore set out to be controlling in determining the legal rights of the parties.

The court stated its conclusions of law upon the facts found, as follows: "(1). The law is with the plaintiff and against defendant herein. (2). The plaintiff is entitled to recover from defendant the sum of $1,813.42 with interest at (6%) six per cent from August 12, 1927, totaling the sum of $2,339.31. (3). The plaintiff is entitled to recover from defendant its costs paid out and expended in this action in the sum of ..................... dollars."

This contract was let, and the bond upon which suit is brought given, pursuant to the provisions of sec. 8285, Burns 1926 (sec. 18 of the Highway Commission Act, Acts 1919, chapter 53, page 119). By said sec. 18 it is, among other things, provided:

"Any person, firm or corporation to whom any money shall be due on account of having performed any labor or furnished any material in the construction of such highway within one year after the acceptance thereof by the duly authorized board of officers shall furnish the sureties on said bond a statement of the amount due to any such person, firm or corporation. No suit shall be brought against the sureties on said bond until the expiration of sixty days after the furnishing of said statement. If said indebtedness shall not be paid in full at the expiration of said sixty days, said person, firm or corporation may bring an action in his own name upon such bond, *said action to be*

*commenced within one year from the date of acceptance of said highway.*

"The bond hereinbefore provided shall be in the following form, *and recovery of any claimant thereunder shall be subject to the conditions and provisions of this act to the same extent as if such conditions and provisions were fully incorporated in said bond form."* (Our italics.)

The bond sued upon is a statutory bond, one which the statute required to be given, and the conditions, provisions, and form of the bond were fixed by the statute. Said statute requiring the bond also provides that "recovery of any claimant thereunder shall be subject to the conditions and provisions of this act to the same extent as if such conditions and provisions were fully incorporated in said bond form." One of the provisions in the statute is that any person to whom an indebtedness is owing for labor or material furnished in the construction of such highway may bring action in his own name upon such bond, said action to be commenced within one year from the date of acceptance of said highway.

We are of the opinion that from the express words of the statute in question, permitting a suit on the bond by an action commenced within one year from the date of acceptance of the highway improvement, and the further provision that "recovery of any claimant thereunder" (meaning recovery on the bond), shall be subject to the conditions and provisions of the act, that there can be no recovery on the bond without a compliance with the provisions of the statute. It furnishes an exclusive remedy *as against the surety on the bond.* To hold otherwise would nullify that provision of the statute that recovery of any claimant on the bond be subject to the provision requiring the commencement of any action within one year from the date of acceptance of said highway.

In its special finding of facts, the court specifically finds that said highway improvement was completed prior to November 30, 1927; that on said day it was inspected by the engineer of the Highway Commission, and the work found to be satisfactory; that the final estimate for the work done, and the balance due the contractor was prepared on March 14, 1928; that a final estimate was issued to the contractor by the Indiana State Highway Commission on December 15, 1928, and that said commission caused to be issued a certificate or warrant directed and delivered to the Auditor of State for the payment of such final estimate; that a warrant was issued by the State of Indiana on said December 15th payable to the contractor, which warrant was receipted for by appellant as assignee of the contractor; that said warrant was paid and constituted the last payment on said contract; that said highway improvement was accepted on December 15, 1928, and that the plaintiff (appellee) failed to commence any action against the defendant (appellant) upon said bond for the payment of said materials until the commencement of this action on the 27th day of January, 1931.

It appearing from the special finding of facts that this action was not commenced for more than two years from the date of the acceptance of the highway improvement involved, it follows that the court erred in each of its conclusions of law.

Judgment reversed, with instructions to restate the conclusions of law, and render judgment in favor of appellant.