METROPOLITAN CASUALTY INSURANCE COMPANY OF
NEW YORK *v.* NATURAL ROCK ASPHALT
CORPORATION ET AL.

[No. 15,291. Filed March 1, 1937. Rehearing denied
June 16, 1937. Transfer denied September 23, 1937.]

*Seebirt, Oare, Deahl & Omacht, Noel, Hickam, Boyd
& Armstrong,* and *Homer S. Landers,* for appellant.

*Parker, Crabill, Crumpacker, May & Carlisle,* and *Graham, Crane & Elliott,* for appellees.

DUNDINE, J.—In July, 1926, appellee Highways Improvement Company entered into a contract with the board of county commissioners of St. Joseph County, Indiana, for re-surfacing a certain highway with rock asphalt, and filed a contractor's bond with appellant as surety.

Appellee Highways Improvement Company then entered into an agreement with appellee Natural Rock

Asphalt Corporation for the purchase of rock asphalt to be used in the work. The price agreed upon was "Seven and 25/100 ($7.25) dollars per ton. . . F. O. B. Rockport, Ky. . . . provided however that all prepaid freight items shall be repaid . . . by appellee Highways Improvement Company.

The asphalt company furnished the rock asphalt and prepaid the freight. This suit was instituted by appellee Natural Rock Asphalt Corporation against its co-appellees and appellant to recover an unpaid balance of the cost of said rock asphalt and prepaid freight. Appellant filed a demurrer to the amended complaint which was sustained, and appellee Natural Rock Asphalt Corporation declining to plead further, judgment was rendered for the defendants. On appeal, this court held that the trial court erred in sustaining the demurrer, and this court reversed the judgment. (*Natural Rock Asphalt Corp.* v. *Highways Improvement Co. et al.* (1932), 96 Ind. App. 120, 173 N. E. 330, Transfer denied February 23, 1933.) Thereafter said demurrer was overruled by the trial court, the issues were closed by a general denial, and the cause was submitted to the court for trial without a jury. The court found for appellee Natural Rock Asphalt Corporation, and rendered judgment in its favor against appellant for materials furnished, freight prepaid and interest.

The overruling of a motion for new trial is the sole error relied upon for reversal in this appeal. The causes for new trial set forth in the motion and discussed in appellant's brief are: (1.) The decision of the court is not sustained by sufficient evidence; (2.) The decision of the court is contrary to law; (3.) Error in the assessment of the amount of recovery in this, the amount is too large.

All of the points made by appellant in support of said first and second assigned causes for new trial were

decided adversely to appellant's contentions by this court in *Natural Rock Asphalt Corporation* v. *Highways Improvement Company et al., supra,* and therefore need not be discussed.

In support of the third cause for new trial appellant contends that the amount of money paid out by the asphalt company for prepaid freight was "voluntarily loaned or advanced" by the asphalt company and therefore the amount of recovery was too large to the extent of said amount of prepaid freight. Said contention is not tenable. Sec. 2, Ch. 44 Acts 1925 (§6122 Burns 1926), which was applicable, provided that the contractor's bond should be conditioned "for the payment by the contractor, . . . of all indebtedness which may accrue to any person, firm or corporation on account of any . . . materials furnished . . . in the construction, alteration or repair of any . . . highway . . . ." Said provisions of said statute are deemed to have been written in the bond.

We hold that the prepaid freight item was an item of indebtedness which accrued on account of the furnishing of materials in the construction of the highway, within the meaning of said statute. See *Mass. Bonding and Ins. Co.* v. *Bankers Surety Co. et al.* (1932), 96 Ind. App. 250, 179 N. E. 329; *Fry et al.* v. *P. Bannon Sewer Pipe Co.* (1912), 179 Ind. 309, 101 N. E. 10.

No reversible error having been shown the judgment is affirmed.