THE AETNA CAUSUALTY AND SURETY COMPANY *v.*
GEO. L. MESKER STEEL CORPORATION.

[No. 20,419. Filed February 27, 1967. Rehearing denied April 3, 1967.
Transfer denied July 28, 1967.]

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellant.

*Isadore J. Fine, Joe S. Hatfield, Charles H. Sparrenberger, Eugene P. Fine* and *Fine, Hatfield, Sparrenberger & Fine* and *Edward E. Meyer,* all of Evansville, all for appellee.

BIERLY, J.—The appellant in this cause, the Aetna Casualty and Surety Company, was surety on a bond executed by Rogers Engineering and Construction Co., Inc., as principal with the Vigo School Township, Knox County, Indiana, as obligee. This bond was for the benefit of the school township, and all persons who might have or acquire a right to recover any money thereon, pursuant to Burns' Ann. Stat. Sections 53-201—53-203 (1964 Replacement.)

From the evidence, which was stipulated in its entirety on June 12, 1962, it appears that the appellee had furnished certain quantities of material, pursuant to an order issued by the principal, Rogers Engineering & Construction Co., Inc., for a price of $6,507.52, which went unpaid. As a result, this action was filed in the trial court against the appellant surety company for the sum stated above. It further stipulted,

> "that plaintiff has not commenced his action or any action against the defendant surety on the bond . . . within sixty [60] days from the date of the final completion and acceptance of said gymnasium, which said date was August 25, 1958, and this action was commenced on May 27, 1959, more than six [6] months after such final completion and acceptance."

The trial court found for the appellee, and judgment was entered accordingly for the principal sum of $6,507.52, to-

gether with interest thereon at the rate of 6% per annum from the 16th day of June, 1958, to the 11th day of February, 1964, in the amount of $2,208.11, making a total of $8,715.63.

The only assignment of error is that the trial court erred in overruling appellant's motion for a new trial. Contained within said motion are the following specifications:

"1. The decision of the Court is not sustained by sufficient evidence.

"2. The decision of the Court is contrary to law.

"3. There is error in the assessment of the amount of recovery in this, that the amount of recovery is too large."

The appellant, in its argument, presents two objections for our consideration. The first objection is that:

". . . the appellee, as an unpaid materialman, should have complied with the statutory provision requiring this action to be commenced within sixty days after the date of the final completion and acceptance of the public work by the public contracting officer in order to maintain and pursue to judgment the suit against the Appellant, as surety on a public contractor's bond."

Appellant's second objection is that:

". . . the public works contractor's bond in question, being required by Section 53-202, Burns' Indiana Statutes, 1964 Replacement, is a statutory bond, and as such, imposes upon the Appellee, who is a materialman proceeding against the Appellant as surety on the bond, certain conditions precedent to a right of action on the bond. The Appellee failed to meet one such condition precedent in that he did not file within sixty days after the last item of material was furnished and the last work was performed by Appellee a duplicate verified statement of the amount he was owed for materials so furnished with the public contracting officer; therefore Appellee has no right of action on the bond."

The appellee, on the other hand, contends that the procedure outlined in Sections 53-201 and 53-202 is not exclusive, but cumulative, and thus the failure of the appellee to follow the

procedure stated in those Sections does not preclude it (the appellee) from recovering on the bond in question.

Section 53-201 provides that:

". . . when any public building or other public work or public improvement of any character whatsoever is being constructed . . . at the expense of . . . any other political subdivision . . . it shall be the duties of any such . . . political subdivision . . . to withhold final payment to the contractor until such contractor has paid to the . . . materialmen . . . all bills due and owing the same; Provided, That . . . materialmen . . . shall file with any such board, . . . their claim . . . within sixty [60] days . . . from the last labor performed, last material furnished, or last service rendered by them, as provided in Section Two [§ 53-202] hereof. . . . Provided, however, That nothing in this act contained shall prevent or preclude a full, final, and complete settlement upon a contract with the contractor or contractors after thirty [30] days from the date of the completion and acceptance of the work as completed upon the . . . showing the payment in full of all subcontractors, materialmen, laborers, or those furnishing services in the performance of said contract; Provided, further, That the surety of said contractor or contractors shall not be released until the expiration of one [1] year after the final settlement with said contractor or contractors."

Section 53-202 provides that:

". . . all contracts awarded contractors for . . . any . . . public work . . . of any character whatsoever, as provided in section one [§ 53-201] of this act, provision shall be made in said contract for the payment of . . . materialmen . . . by withholding by such board . . . or agent acting on behalf of said . . . political subdivision . . . funds sufficient from the contract price to pay such . . . materialmen . . . and a good and sufficient bond shall be executed by the contractor to the state of Indiana, and approved by and for the benefit of any such board . . . or agent acting on behalf . . . or other political subdivision . . . in an amount equal to the total contract price, and further conditional for the payment by the contractor . . . of all indebtedness, which may accrue to any person, firm or corporation on account of any labor or service performed or materials furnished or service rendered as herein provided in the construction . . . or any other public improvement . . . such bond by

its terms also shall be conditional as to directly inure to the benefit of subcontractors, laborers, materialmen, . . . and said bond shall be further conditional that no change, modification, omission or addition in and to the terms or conditions of said contract, plans, specifications, drawings or profile or any irregularity or defect in said contract or in the proceedings preliminary to the letting and awarding thereof shall in any wise affect or operate to release or discharge said surety, and that the provisions and conditions of this act shall be, operate and become a part of the terms of any such contract and bond for any such public work or improvement as contemplated herein and [that they] are subject thereto; Provided, That any person, firm or corporation to whom any money shall be due on account of having . . . furnished any material . . . within sixty [60] days after the last item of material shall have been furnished by them shall file with such board, commission, trustee, officer, clerk, or agent of the state or if [of] any such political subdivision, assessment district or commission created by law entering into contract with the principal contractor for any such public work . . . duplicate verified statements of the amount due and owing and it shall be the duty of such board . . . or any such political subdivision . . . to forthwith deliver to the surety or sureties on such bond one [1] of said duplicate statements; but the failure so to do on the part of such board, commission, trustee, officer, authorized clerk or agent of the state or any such political subdivision or assessment district shall in no way effect [affect] or invalidate the rights of any such person, firm or corporation to whom money shall be due on account of having . . . furnished material, nor shall the failure so to do operate as a defense for the surety.

"No suit shall be brought against such surety or sureties on such bond until the expiration of thirty [30] days after the filing of such verified duplicate statement. If such indebtedness shall not be paid in full at the expiration of such thirty [30] days such person, firm or corporation may bring an action in a court of competent jurisdiction in his or its own name upon such bond, which action shall be commenced within sixty [60] days from the date of final completion and acceptance of the public building or public work, as herein provided and unless commenced within such period, action on such bond or against such surety or sureties shall be barred. On state highway road and bridge contracts the provisions of the state highway commission act with respect to the bond shall govern."

Section 53-203 provides that:

"This Act [§§ 53-201—53-203] shall not be construed as conflicting with any other laws for the protection of labor, subcontractors or materialmen, but is supplemental thereto."

It appears upon examination of these statutes that clarity is not among their virtues. Unfortunately, we think the legislature has seen fit to adopt the above in somewhat piecemeal fashion, adding on amendments as time went on. The original acts were passed in 1911, but Sections 201 and 202 were subsequently amended in 1925, 1931, and 1933. Thus, we are left with a most confusing and ambiguous act, which has, unfortunately, as the case law history indicates, created more probelms and litigation than it has attempted to solve.

In the case of*Natural Rock Asphalt Corp.* v. *Highways Imp. Corp.* (1929), 168 N. E. 865 (not reported in the state reports), a similar argument to the one advanced by the appellant, in the case at bar, was considered by the court, and it was held that the filing conditions were *conditions precedent* and thus must be alleged in the complaint to show *compliance with the statute before there is a right to maintain the action.* (Emphasis supplied). Thus, the court concluded, that the trial court propertly sustained the demurrer.

A petition for rehearing was then filed and subsequently denied followed by a petition to transfer. While this latter petition was pending, the appellate court decided the cases of *Million, et al.* v. *Metropolitan, etc. Co.* (1930), (transfer denied 1933) 95 Ind. App. 628, 172 N. E. 569, and *Concrete Steel Co.,* v. *Metropolitan, etc., Co.* (1930), 95 Ind. App. 649, 173 N. E. 651. (Transfer denied 1933).

In the latter of these two cases, it was stated on page 658 that:

"If the rule announced in these cases is correct and we think it is, it follows that it was the intention of the legislature that sections 1 and 2 as amended in 1925, must be

construed so as not to conflict with any other law for the protection of labor, subcontractors or materialmen, but as supplemental thereto as declared in section 3."

\* \* \*

"The Acts of 1911 and 1925 supplemented prior laws by creating a new right, a right to impound the funds, if desired, by filing the claim as provided by the Act of 1911, and by filing the duplicate statements as provided in the Act of 1925. Instead of construing the statute to mean that a laborer or materialman must file duplicate statements of his account as contended by appellee, we hold that such party may, if he desires, file such statements and thus impound the money due the contractor. And if he exercises the right given him by filing the statements and thus impounds the money due the contractor, he takes such right subject to the provisions of the statute limiting and fixing the time within which an action can be prosecuted against the surety on the bond. The right to impound the funds being optional, appellant was not deprived of its right to maintain an action at law for a breach of the condition of the bond by reason of its failure to file the statements as provided in the Act of 1925."

In view of the fact that these latter two cases were in direct opposition to the *Natural Rock Asphalt Corp. case, supra,* the Appellate Court ordered its prior denial of petition for rehearing withdrawn, while the Supreme Court dismissed the pending petition for transfer.[1] The Appellate Court then reassumed jurisdiction and subsequently rendered a new opinion which is cited as: *Natural R. Asphalt Corp.* v. *Highway Imp. Co.* (1933), 96 Ind. App. 120, 173 N. E. 330.

In the latter decision, the court reversed, basing its decision upon the *Million and Concrete Steel Co., cases, supra.* Also, see *Eagle Indemnity Co.* v. *McGee* (1931), 92 Ind. App. 537, 175 N. E. 663.

Subsequently, in 1937, the *Natural R. Asphalt Corp.* case, *supra,* was again appealed, but this time on the merits. The

---

1 The above events were brought to our attention upon an examination of the docket books of the Clerk of the Supreme and Appellate Court for the years in question. Although the reasons behind the court's actions are unstated, we can only assume the two intervening decisions were the reason for this action.

trial court had overruled the demurrer, and rendered judgment in a court trial for the Natural R. Asphalt Corp., for the value of the materials furnished. Again, the error asserted by the appellant was the alleged failure of appellee to comply with the statute. The court refused to discuss the matter, stating that these questions had already been decided adversely to the Metropolitan Casualty Insurance Co., of New York, in its prior decision reported in 96 Ind. App. 120, 173 N. E. 330. The Supreme Court denied transfer of this 1937 case on September 23, 1937.

The appellant, in the case at bar, places heavy reliance upon the case of *Met. Cas. Ins. Co.* v. *France Limestone Co.,* (1935) 100 Ind. App. 240, 193 N. E. 686. In that case it was held that the remedy provided under Section 202 is not exclusive, but cumulative, however, the bond is a statutory bond, and the statute requires the action to be commenced within one year from the date of acceptance of the highway. Thus, since the action was not commenced within one year, the decision was reversed. However, that action was decided under a different statute, the Highway Commission Act, Acts of 1919, Chapter 53, page 119, Section 18. This is currently Section 36-112, Burns' Ann. Stat. (1949 Replacement, 1966 Cumulative Supp.) As a result, this would have no bearing on the case at bar. It is interesting to note that at the time of this case, Section 202 provided for a one [1] year limitation as did the Highway Commission Act. Today, Section 36-112, provides for an eighteen [18] month limitation, whereas Section 202 provides for only sixty [60] days. This appears to be highly irregular and illogical legislation.

Also, when one examines other statutes of limitation, it becomes doubtful that the legislature really intended a sixty [60] day period of limitations. Our current limitation of actions on personal injuries or injury to personal property is two [2] years; on actions against a public officer and his sureties on a public bond it is five [5] years;

for an action for the recovery of real property sold on execution, etc., it is ten [10] years; on a promissory note or written contract, it is ten [10] years; and on a written contract other than those for the payment of money, twenty [20] years. Most important is the fact that the limitation barring suits on mechanic's liens is one [1] year. Burns' Ann. Stat. Section 43-705, (1965 Replacement). A sixty [60] day period seems most unreasonable, and highly questionable, for any action on the bond in question.

Also, the provision of Section 202, *supra*, in reference to the case at bar, is most ambiguous and uncertain. In the annotation to Section 202 of Burns', there is a note that states,

> "Under the provisions for filing statements in 60 days and lapse of 30 days thereafter before suit, the claimant is given a possible period of 90 days after completion of his work in which to sue, whereas the last paragraph restricts the time to 60 days after final completion and acceptance of the work."

This is obviously the result of a piecemeal approach at legislation. It would certainly produce some interesting questions were one to follow the letter of this provision and then find himself out of court as a result.

Be that as it may, it is quite clear and certain, that in any event, the 60 day period is calculated by looking to see when and if the duplicate verified statement was filed. For the statute states

> "No suit shall be brought against such surety, or sureties on such bond until the expiration of thirty [30] days after the filing of such verified duplicate statement."

Then, if the debt is not paid within such thirty [30] day period, the person may bring an action in his own name upon the bond. Thus, *since the sixty day period is predicated upon the filing of such statements, and because such statements are and have been repeatedly held to be cumulative and not exclusive, we find no error in the case at bar*. (Emphasis supplied).

We are also of the opinion that because of the apparent ambiguity existing between the Sections involved (Sections 53-202 and 53-203, *supra*), and the case law interpreting these statutes, that a materialman could come within the provisions of either one of the Sections, or may bring suit under Section 53-203 upon any remedy he may have at common law, we find no error by the trial court. It must be remembered that these bonds are statutory bonds, and the statutes do apply to them, but only in so far as Section 53-203, *supra*, states, they do not conflict with any other laws for their protection.

Thus, we are of the opinion that in the case at bar, the correct statute of limitations is to be found in Section 53-201, *supra*, wherein it is stated:

"Provided, further, That the surety of said contractor or contractors shall not be released until the expiration of one [1] year after the final settlement with said contractor or contractors."

Finding no reversible error we are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Pfaff, P. J., concurs.

Cook, Smith, JJ., concur.

NOTE.—Reported in 223 N. E. 2d 768.