EAGLE INDEMNITY COMPANY *v.* MCGEE ET AL.

[No. 14,052. Filed April 14, 1931. Rehearing denied June 18, 1931.]

*Pickens, Davidson, Gause, Gilliom & Pickens* and *Howard P. Travis,* for appellant.

*Charles L. Tindall,* for appellees.

CURTIS, J.—Appellees filed a complaint in one paragraph against James Mahoney and Eagle Indemnity Company, appellant herein, as defendants on a bond given by Mahoney as principal and appellant as surety, conditioned among other things that Mahoney should "promptly pay all debts incurred by him in the prosecution of said work, including sub-contractors, labor, materials furnished and for boarding the laborers thereon" in the construction of the James Patterson Gravel Road in Marion County, Indiana, a contract for the construction of such road having been entered into by Mahoney with the board of county commissioners of Marion County. The complaint alleges, in substance: That appellees had an oral subcontract with Mahoney, whereby appellees agreed to do the grading of said road and supply all labor and material therefor between stations 20 and 137 of said road at an agreed price of $5,125; that appellees, pursuant to said agreement, proceeded to do

the grading, and furnished labor and equipment therefor, and that they performed all conditions of such agreement until October 6, 1927, at which time, Mahoney ordered appellees to cease work and leave the job; that the sum of $3,500 remained unpaid of the fair value of the work done by appellees; that appellees had a further loss of $1,000, for all of which they prayed judgment in the sum of $4,500. Appellant answered the complaint in two paragraphs, the first being a general denial, and the second a cross-complaint setting up suretyship of appellant for Mahoney. Mahoney answered both the complaint and cross-complaint in general denial, and also filed a cross-complaint. Appellees answered Mahoney's cross-complaint in general denial. Under the issues thus formed, trial was had by jury, which returned a verdict of $3,000 against both defendants, and that the defendant Mahoney take nothing by his cross-complaint and that appellant Eagle Indemnity Company was liable only as surety for such amount. The court rendered judgment in accordance with the verdict.

From this judgment, appellant appealed and assigned as error the overruling of its motion for a new trial. The motion for a new trial contains several grounds, but appellant says that it relies upon only the following: (1) Error of the court in refusing to give to the jury instruction No. 1 requested by appellant; (2) that the verdict of the jury is not sustained by sufficient evidence; (3) that the verdict of the jury is contrary to law; and (4) that the verdict of the jury is erroneous, in that the assessment of recovery against appellant is too large. These alleged errors are presented under appellant's "Propositions, Points and Authorities," and are numbered 1, 2, 3 and 4.

Under Proposition 1, being the fifth ground in the motion for a new trial, appellant presents the alleged error

of the court in refusing to give to the jury instruction No. 1 requested by appellant, which is as follows: "I instruct you that before the plaintiffs, or either of them, may recover against the defendant the Eagle Indemnity Company, alleged to be surety upon the bond of the defendant James F. Mahoney, as alleged in the complaint, the plaintiffs must prove by a preponderance of the evidence that the plaintiffs filed with the Board of County Commissioners of Marion County, Indiana, their claim within sixty days from the furnishing of the last labor performed or last service rendered by them, and, within the period of one year from the filing of such claim, that the plaintiffs commenced an action upon such bond against such surety, and that such claim was filed in duplicate with the Board of County Commissioners and that a copy of one of such claims was delivered to the surety on the bond." This instruction is based upon §6122 Burns 1926, Acts 1911 p. 437, as amended by Acts 1925 p. 130. If the remedy provided by the above act is exclusive of other remedies, then the requested instruction would be correct, and, under the facts of the case, it would be error to have refused it unless one of similar import had been given. This court, however, has recently decided this exact question adversely to appellant, holding the remedy given by said act is not exclusive. See *Natural Rock Asphalt Corp.* v. *Highway Improvement Corp.* (1930), 173 N. E. (Ind. App.) 330, which supersedes the opinion of the same title reported in 168 N. E. 865, and upon which appellant relies. See, also, *Concrete Steel Co.* v. *Metropolitan Casualty Ins. Co., etc.* (1930), 173 N. E. (Ind. App.) 651; *Million* v. *Metropolitan Casualty Ins. Co.* (1930), 172 N. E. (Ind. App.) 569. These cases are decisive also of appellant's Propositions 2 and 3, which are respectively as follows: (2) The verdict of the jury is not sustained by sufficient evidence, and (3) the

verdict of the jury is contrary to law. We, therefore, hold that, as to appellant's Propositions 1, 2 and 3 above discussed, the court committed no error.

But appellant says that its Proposition 4, which is that the verdict of the jury is erroneous, in that the assessment of the recovery against appellant is too large, is clearly shown by the evidence. Appellant, at page 43 of its brief, says that "this proposition is operative for appellant only if the court concludes that appellant is wrong under its first three propositions as set out in this brief." Appellees, on page 3 of their brief, say: "In its Proposition number 4, at page 43, the appellant concedes that there is no available error concerning the assessment of the amount of recovery in the event that its propositions 1, 2 and 3 are not sustained by the court." If we understand the language used by appellant as above set out, it means exactly the opposite of the meaning attributed to it by appellees, as shown by the above quotation from appellees' brief.

Appellant earnestly insists that there is no evidence to sustain the verdict of the jury above the sum of $1,975, and that the verdict for $3,000 is excessive to the extent of the difference between these two sums. On page 8 of appellant's brief, it says: "All the testimony given in the cause is in the record by a bill of exceptions, which is briefly as follows:" Then follows the condensed recital of the evidence in narrative form. Under clause 5 of Rule 22 and under Rule 23 of the Supreme and Appellate Courts, this condensed recital of the evidence in narrative form will be taken to be accurate and sufficient for a full understanding of the questions for decision unless the opposite party in his brief shall point out necessary inaccuracies or omissions. Appellees have wholly failed to note any such corrections or additions, and we therefore accept the condensed recital of the evidence in narrative form as set out by ap-

pellant in its brief as accurate and sufficient for a full understanding of the questions in relation thereto.

Considering said evidence most favorable to appellees, and considering all the legitimate inferences that can or may be drawn therefrom, we conclude that there is no evidence to sustain the verdict of the jury in excess of $1,975.

The evidence shows that appellees were discharged before their contract had been completed. It is true that the county surveyor testified that he recognized Exhibit 5 as an estimate he got up, which covered the work the McGee Brothers (appellees herein) had completed up to the time of the estimate. The amount of this estimate was $5,000. It is also true that the evidence shows that the oral contract of appellees and Mahoney called for the payment of the sum of $5,125 for the completed work, but there is absolutely no way of knowing what relation the amount of the estimate of the county surveyor bore to the contract price between appellees and Mahoney. His estimate was an estimate under the general contract, and not under the contract between appellees and Mahoney. Mahoney was paid $4,000 by the county, such payment being based on this estimate. It may be that of the $5,000 estimated to have been done by the McGee Brothers (appellees) that their contract with Mahoney called for only a small part thereof. The evidence is also undisputed that there had been paid to appellees two checks aggregating $600. The claim filed by appellees with the county was for the sum of $1,975, which amount included $200.19 due to the Standard Oil Company. The claim was filed after they had quit work. While this claim may not be binding upon appellees as to the amount owing them, since they are not proceeding in this action under the provisions of §6122, *supra*, yet some light is thereby thrown upon the issues herein.

We do not agree with appellant, however, that, in this action, the recovery can in no event be greater than the claim filed. The question rather for this court to decide is whether there is any competent evidence or any legitimate inferences that can be drawn therefrom to sustain the verdict of the jury awarding the plaintiff $3,000. As we view the evidence set out in appellant's brief, which we accept as correct in the instant case, for reasons above set out, there is no evidence to sustain the verdict of the jury for the excess above $1,975, and, for that reason, the court erred in not sustaining the motion for a new trial.

Judgment reversed, with instructions to grant a new trial.