## GENERAL ELECTRIC SUPPLY CORP v WILEY ELECTRIC CO

Ohio Appeals, 1st Dist, Butler Co

No 579.   Decided Nov 9, 1933

O. R. Leiser, Hamilton, and Harry J. Koehler, Jr., Hamilton, for plaintiff in error.

Williams, Sohngen, Fitton & Pierce, Hamilton, for defendant in error.

304

## OPINION

By HAMILTON, PJ.

It will be noted that the petition fails to allege that a statement of the amount due was furnished to the Insurance Company within the ninety days after acceptance of the work, as provided for in §2365-3, GC.

The trial court sustained the demurrer, presumably on authority of **Atkinson et v Orr-Ault Construction Co, 124 Oh St, 100.** Plaintiff, not desiring to plead further, judgment was entered on the sustaining of the demurrer and the petition was dismissed. Error is prosecuted from that judgment.

Plaintiff in error contends that the petition states a cause of action at common law; that its action is not a statutory action, notwithstanding the bond is a statutory bond, but since the petition alleges, among other things, "we agreeing and assenting that this undertaking shall be for

the benefit of any material man or laborer having a just claim, as well as for the obligee herein;" the Insurance Co. is bound by this undertaking to pay its claim for furnishing materials going into the work; that the statutory procedure is an additional remedy to that of the common law; that the plaintiff has a choice of remedies, either to proceed under the statutory proceeding, or allege under the guaranty contract as executed. That the bond does not contain the provision found in the statute that notice of a claim must be filed within ninety days, but contains a definite obligation on the part of the principal and surety of the bond to "pay all lawful claims of subcontractors, material man and laborers."

The claim of the defendant in error is, that since the passage of §2365-3, GC, that the remedy afforded to the material men or laborers is furnished under the statute and is exclusive, and relies on the case of Atkinson et v Orr-Ault Construction Co., supra, to support this conclusion.

Reviewing briefly the decisions bearing on the obligation under a bond to pay a material man, we find first the case of **Cleveland Metal Roofing & Ceiling Co. v Gaspard et, 89 Oh St, 185.**

In the Gaspard case, which was decided before the passing of §2365-3, GC, the court held that a material man could not maintain such an action against the contractor on the executed bond. After the decision in the Gaspard case, the Legislature, in 1917, enacted §2365-3, GC, and cognate sections. However, in the case of **Royal Indemnity Co. v Northern Ohio Granite & Stone Co., 100 Oh St, 373,** the Supreme Court overruled the Gaspard case, and in the second paragraph of the syllabus states:

"A surety of the character described, which, by its contract, assures the faithful performance thereof by a principal who agrees to furnish labor and materials on a structure, at his own risk, cost and expense, is liable to a materialman who furnishes material, in default of the principal's payment therefor."

This case was decided on the common law rule without considering the statutes. We have, therefore, the established law of Ohio that the indemnifier is liable under the common law to a material man.

The question then arises:—Do §§2365-3, GC, and cognate sections take away the common law action?

The following cases in other states support the proposition that the statutory remedy is not exclusive: United States Fidelity and Guaranty Co. v Poetker, Receiver, 130 Ind., 255; Million v Metropolitan Casualty Insurance Co., 172 NE, 569; Concrete Steel Co. v Metropolitan Casualty Insurance Co., 173 NE 651; and Eagle Indemnity Co. v McGee et, 175 NE 663. These cases, however, do not control, as the law of Ohio, as declared by the Supreme Court, is otherwise.

The only suggestion in §2365-3, GC, that the remedy thereunder is exclusive is the following:

"No suit shall be brought against said sureties on said bond until after sixty days after the furnishing of said statement."

In the case of **Surety Co. v Chambers et, 115 Oh St, 434,** with regard to a liability insurance policy for public work, it was held that "legislative provisions become a part of every contract covered by the statute." In the Chambers case, in the opinion, many cases are cited to this effect. It was claimed in the Chambers case that the intent of the legislature was general rather than specific, and did not mean that the provisions of the statute were to be read into the bond, because of the fact that the opening statement states the recovery under the bond is "subject to the conditions and provisions of this act." Justice Allen in commenting on this phase of the case in the opinion stated:

"However, we think the sentence should not be construed in such a limited sense in view of the fact that it does not say recovery shall be subject to the conditions and provisions of the preceding section, but **"subject to the conditions and provisions of this act."**

The opinion further states:

"This plainly means that recovery upon a bond given pursuant to the statute entitles any claimant to the **advantages as well as to the disadvantages of the act."** To hold otherwise would result in penalizing the claimant for nonperformance of conditions by himself and deny him the right to avail himself of nonperformance of conditions by those against whom he claims a result expressly excluded by the Legislature."

In the case before us to hold that the statutory action was not exclusive, but that the common law action still remained, would be to penalize the Indemnity Company upon the failure of the claimant to comply with the provisions of the act. In

other words, it would be to read into the contract the statute which fixes liability on the indemnifier, but to read out of the act any protection thereunder. If the indemnifier is chargeable with notice of the statutory provisions, so must the claimant be charged therewith.

When we consider the law as laid down in the Gaspard case, supra, and the statutes passed immediately following that decision, it would seem clear it was the intent of the legislature to abrogate the common law rules applicable to such cases, and to fix the rights of the parties in such actions as to make the statutes an exclusive remedy to be followed. This position is further supported by the case of Atkinson et v Orr-Ault Construction Co., supra. While that case is seemingly not a well-considered case, the fact remains that in that case where the claimant failed to file a statement within the terms of §2365-3, GC, the court held the demurrer to the petition, for failure to allege the filing of the claim, was properly sustained, as it is necessary for the petition to allege that the claim was filed, that the furnishing to the sureties on the bond a statement of the amount due was jurisdictional in character. If the common law action remained as a remedy in such cases, the Supreme Court in the Atkinson case could not have sustained the court in sustaining the demurrer to the petition, for the reason that the petition would be good against the demurrer as a common law action. In other words, the common law remedy is entirely inconsistent with the decision in the Atkinson case.

We are therefore of the opinion that the law of Ohio is that the statutory remedy is exclusive, and the court properly sustained the demurrer to the petition.

The judgment is affirmed.

ROSS, J, concurs.