GENERAL ELECTRIC SUPPLY CORP. *v.* WILEY ELECTRIC CO.

(Decided November 9, 1933.)

*Mr. O. R. Leiser* and *Mr. Harry J. Koehler, Jr.,* for plaintiff in error.

*Messrs. Williams, Sohngen, Fitton & Pierce,* for defendant in error.

HAMILTON, P. J.    This was an action on a bond executed by the defendant, the Wiley Electric Company, defendant in error here, as surety, for the faithful performance by the contractor of a contract for the construction of a public improvement in the city of Middletown, Ohio, which obligated the surety for the

payment of all lawful claims of subcontractors, materialmen, and laborers. The petition alleges, among other things:

"That on or about the 13th day of June, 1930, the Wiley Electric Company, Inc., of Richmond, Indiana, entered into a contract with the City of Middletown, Butler county, Ohio, for the installation of street lighting equipment on Broad Street from First Avenue to Manchester Avenue, by constructing an underground system for the installation of boulevard type of electric lights on both sides of said Broad Street.

"That the said Wiley Electric Company, Inc., did on or about said 13th day of June, 1930, execute and deliver to said City of Middletown their bond for the faithful performance of said contract in the sum of three thousand one hundred and twenty-two ($3,122.00) dollars, with the defendant, The Ohio Casualty Insurance Company, as surety thereon, said defendant company demanding and receiving a premium or money consideration for becoming surety on said bond and was duly paid the same.

"That said bond contained the following condition:

" 'Now, if the said The Wiley Electric Company, Incorporated, shall well and faithfully do and perform the things agreed by The Wiley Electric Company, Incorporated, to be done and performed according to the terms of said contract; and shall pay all lawful claims of sub-contractors, materialmen and laborers, for labor performed and materials furnished in the carrying forward, performing or completing of said contract; we agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim, as well as for the obligee herein; then this obligation shall be void; otherwise the same shall remain in full force and effect; it being expressly understood and agreed that the liability of the surety for any

and all claims hereunder shall in no event exceed the penal amount of this obligation as herein stated.

"'That said surety hereby stipulates and agrees that no modifications, omissions, or additions, in or to the terms of the said contract, or in or to the plans or specifications therefor, shall in any wise affect the obligations of said surety on its bond.'

"Plaintiff further says that it furnished certain materials to said contractor, The Wiley Electric Company, Inc., upon its order and request in and for the construction of said street improvement.

"That the materials so furnished by the plaintiff to said contractor, were of the reasonable and agreed value of five hundred and eighty-seven dollars and sixty cents ($587.60); an itemized statement of the materials, so furnished by this plaintiff, is hereto attached, marked 'Exhibit A' and made a part hereof. And there is due this plaintiff for said material, so furnished, the sum of $587.60, with interest thereon at the rate of 6% from the 30th day of August, 1930.

"That the material, above described, was furnished by the plaintiff to said, The Wiley Electric Company, Inc., upon its order and was actually used by it in the construction of said street improvement under said contract with said city of Middletown.

"Plaintiff further says that the amount so due and owing to it for the material furnished, as aforesaid, has not been paid and that the defendant, by the terms of said bond, herein above referred to, is obligated to pay."

Plaintiff prays judgment against the defendant in the sum of $587.60, with interest thereon at 6 per cent. per annum from August 30, 1930.

The defendant insurance company demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action.

It will be noted that the petition fails to allege that

a statement of the amount due was furnished to the insurance company within the ninety days after acceptance of the work, provided for in Section 2365-3, General Code.

The trial court sustained the demurrer, presumably on authority of *Atkinson et al., Partners*, v. *Orr-Ault Construction Co.*, 124 Ohio St., 100, 177 N. E., 40. Plaintiff, not desiring to plead further, judgment was entered on the sustaining of the demurrer, and the petition was dismissed. Error is prosecuted from that judgment.

Plaintiff in error contends that the petition states a cause of action at common law; that its action is not a statutory action, notwithstanding the bond is a statutory bond, but that since the petition alleges, among other things, "we agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim, as well as for the obligee herein," the insurance company is bound by this undertaking to pay its claim for furnishing materials going into the work; that the statutory procedure is an additional remedy to that of the common law; that the plaintiff has a choice of remedies, either to proceed under the statutory proceeding, or allege under the guaranty contract, as executed; that the bond does not contain the provision found in the statute that notice of a claim must be filed within ninety days, but contains a definite obligation on the part of the principal and surety of the bond to "pay all lawful claims of sub-contractors, materialmen and laborers."

The claim of the defendant in error is that, since passage of Section 2365-3, General Code, the remedy afforded to the materialmen or laborers is furnished under statute, and is exclusive, and defendant in error relies on the case of *Atkinson* v. *Orr-Ault Construction Co., supra,* to support this conclusion.

Reviewing briefly the decisions bearing on the obli-

gation under a bond to pay a materialman, we first find the case of *Cleveland Metal Roofing & Ceiling Co. v. Gaspard,* 89 Ohio St., 185, 106 N. E., 9, L. R. A., 1915A, 768, Ann. Cas., 1916A, 745.

In the *Gaspard case,* which was decided before the passing of Section 2365-3, General Code, the court held that a materialman could not maintain such an action against the contractor on the executed bond. After the decision in the *Gaspard case,* the Legislature, in 1917, enacted Section 2365-3, General Code, and cognate sections. However, in the case of *Royal Indemnity Co. v. Northern Ohio Granite & Stone Co.,* 100 Ohio St., 373, 126 N. E., 405, 12 A. L. R., 378, the Supreme Court overruled the *Gaspard case,* and in the second paragraph of the syllabus states:

"A surety of the character described, which, by its contract, assures the faithful performance thereof by a principal who agrees to furnish labor and materials on a structure, at his own risk, cost and expense, is liable to a materialman who furnishes material, in default of the principal's payment therefor."

This case was decided on the common-law rule without considering the statutes. We have therefore the established law of Ohio that the indemnifier is liable under the common law to a materialman.

The question then arises: Do Section 2365-3, General Code, and cognate sections, take away the common-law action?

The following cases in other states support the proposition that the statutory remedy is not exclusive: *United States Fidelity & Guaranty Co. v. Poetker, Recr.,* 180 Ind., 255, 102 N. E., 372, L. R. A., 1917B, 984; *Million v. Metropolitan Casualty Ins. Co.,* (Ind. App.), 172 N. E., 569; *Concrete Steel Co. v. Metropolitan Casualty Ins. Co.* (Ind. App.), 173 N. E., 651; and *Eagle Indemnity Co. v. McGee,* 92 Ind. App., 537, 175 N. E., 663. These cases, however, do not control, as

the law of Ohio, as declared by the Supreme Court, is otherwise.

The only suggestion in Section 2365-3, General Code, that the remedy thereunder is exclusive, is the following:

"No suit shall be brought against said sureties on said bond until after sixty days after the furnishing of said statement."

In the case of *Southern Surety Co.* v. *Chambers,* 115 Ohio St., 434, 154 N. E., 786, with regard to a liability insurance policy for public work, it was held that "legislative provisions become a part of every contract covered by the statute." In the *Chambers case,* in the opinion, many cases are cited to this effect. It was claimed in the *Chambers case* that the intent of the Legislature was general rather than specific, and did not mean that the provisions of the statute were to be read into the bond because of the fact that the opening statement states that recovery under the bond is "subject to the conditions and provisions of this act." Justice Allen, in commenting on this phase of the case, stated in the opinion:

"However, we think the sentence should not be construed in such a limited sense in view of the fact that it does not say recovery shall be subject to the conditions and provisions of the preceding section, but *'subject to the conditions and provisions of this act.'* " (Italics ours.)

The opinion further states:

"This plainly means that recovery upon a bond given pursuant to the statute entitles any claimant to the *advantages as well as to the disadvantages of the act.* To hold otherwise would result in penalizing the claimant for nonperformance of conditions by himself and deny him the right to avail himself of nonperformance of conditions by those against whom he

claims—a result expressly excluded by the Legislature.'' (Italics ours.)

In the case before us, to hold that the statutory action was not exclusive, but that the common-law action still remained, would be to penalize the indemnity company upon the failure of the claimant to comply with the provisions of the act. In other words, it would be to read into the contract the statute which fixes liability on the indemnifier, but to read out of the act any protection thereunder. If the indemnifier is chargeable with notice of the statutory provisions, so must the claimant be charged therewith.

When we consider the law as laid down in the *Gaspard case, supra,* and the statutes passed immediately following that decision, it would seem clear it was the intent of the Legislature to abrogate the common-law rules applicable to such cases, and to so fix the rights of the parties in such actions as to make the statutes an exclusive remedy to be followed. This position is further supported by the case of *Atkinson* v. *Orr-Ault Construction Co., supra.* While the *Atkinson case* is seemingly not a well considered case, the fact remains that in that case, where the claimant failed to file a statement within the terms of Section 2365-3, General Code, the court held that the demurrer to the petition for failure to allege the filing of the claim was properly sustained, as it was necessary for the petition to allege that the claim was filed; that the furnishing to the sureties on the bond of a statement of the amount due was jurisdictional in character. If the common-law action remained as a remedy in such cases, the Supreme Court in the *Atkinson case* could not have sustained the court in sustaining the demurrer to the petition, for the reason that the petition would be good against the demurrer as a common-law action. In other words, the common-law remedy is entirely inconsistent with the decision in the *Atkinson case.*

We are therefore of the opinion that the law of Ohio is that the statutory remedy is exclusive, and the court properly sustained the demurrer to the petition.

*Judgment affirmed.*

Ross, J., concurs.