Robert J. FOX, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Defendant.

Civ. A. No. 2:94-0060.

United States District Court,
S.D. West Virginia,
Charleston Division.

March 14, 1994.

Richard A. Robb, Charleston, WV, for plaintiff.

Susan R. Snowden, Martin & Seibert, Martinsburg, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

■ Pending is the Plaintiff's Motion to Remand. Plaintiff, however, failed to file supporting memoranda as required by Rule 2.03 of the Local Rules of Practice and Procedure.[1] The Defendant responded citing not only Plaintiff's failure to comply with Rule 2.03, but also explaining why Plaintiff's motion fails on the merits. Because Defendant addressed the merits of Plaintiff's motion, this Court has attempted to do the same, albeit with the benefit of a very limited record.

Plaintiff commenced this action in the Circuit Court of Kanawha County on December 17, 1993, alleging that the Defendant violated W.Va.Code § 21–5–3 (1979), by deducting from Plaintiff's wages alleged overpayments of benefits previously given to Plaintiff while he was on "sick leave." The Plaintiff was apparently being paid Social Security disabil-

---

1. Rule 2.03 of Rules of Practice and Procedure for this District requires, *inter alia,* "all motions *shall* be filed with supporting memoranda." (emphasis added). Plaintiff's counsel filed an "Addendum" asserting the motion for remand was made "for informational purposes." Counsel suggests he has some choice whether to proceed "toward adjudication" of the remand motion, and that, "if and when" he chooses to so proceed, he will then file supporting memorandum.

This Court notes nothing in the Local Rules permits counsel to choose when to file his memoranda or whether to "proceed toward adjudication" of a filed motion. Rule 2.03 mandates and requires that, "all *motions shall be filed with* supporting memoranda." (emphasis added). This clearly means that supporting memoranda are to be filed with the motion at the time the motion is made. Moreover, counsel should be aware that the Court, not the parties, determines when a motion is ripe for adjudication, and particularly so when the motion is fresh upon the docket.

ity benefits concurrently with the receipt of "sick leave" benefits under a benefit plan sponsored by the Defendant, his employer, in contravention of the terms of the benefit plan. When the Defendant became aware of the Social Security payments, it began deducting a portion of the Plaintiff's wages after he returned to work. Plaintiff contends such deductions are prohibited by W.Va.Code § 21-5-3, unless he acquiesces to the deductions.

The Defendant removed the case to this Court on January 24, 1994, contending the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, preempted W.Va.Code § 21-5-3, and this Court thus has original jurisdiction over this case.[2] Plaintiff filed his motion to remand on February 4, 1994, baldly asserting his claim is one for a "wage assignment" and is not preempted by ERISA because it does not involve an "employee benefit plan."

## I.

It is clear that ERISA governs disputes arising under "employer benefit welfare plans." The applicable provision, 29 U.S.C. § 1002(1) states, in pertinent part:

> "(1) The terms 'employee welfare benefit plan' and 'welfare plan' mean *any plan, fund, or program* which was heretofore or

2. Defendant also asserted this Court has original jurisdiction pursuant to Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185.

3. The Supreme Court attempted to define the parameters of ERISA's application in *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 19, 107 S.Ct. 2211, 2221, 96 L.Ed.2d 1, 16 (1987), where it stated:

> "The argument that ERISA pre-empts state laws relating to certain employee benefits, rather than employee benefit *plans*, is refuted by the express language of the statute, the purposes of the preemption provision, and the regulatory focus of ERISA as a whole. If a State creates no prospect of conflict with a federal statute, there is no warrant for disabling it from attempting to address uniquely local social and economic problems." (footnote omitted; emphasis in original).
> *See United Wire, Etc. v. Morristown Memorial Hospital*, 995 F.2d 1179 (3rd Cir.) *cert. denied*, —— U.S. ——, 114 S.Ct. 382, 126 L.Ed.2d 332 (1993), for an excellent description of the

is hereafter *established or maintained by an employer or by an employee organization*, or by both, to the extent that such plan, fund, or program was *established or is maintained for the purpose of providing for its participants* or their beneficiaries, *through the purchase of insurance* or otherwise, (A) medical, surgical, or hospital care or benefits, or *benefits in the event of sickness, accident, disability* [.]" (emphasis added).

This Court recently addressed the supercession of state law by ERISA in *Tobin v. Ravenswood Aluminum Corporation*, 838 F.Supp. 262, 268 (S.D.W.Va.1993):

> "Under ERISA ... state law is preempted to the extent it relates to any employee benefit plan. 29 U.S.C. § 1144(a). State law 'relates to' an employee benefit plan 'if it has a connection with or reference to such a plan.' *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). ERISA preemption must be given broad effect because of what the Court of Appeals of this Circuit has characterized as 'the unparalleled breadth of ERISA's preemption provision.' *Holland v. Burlington Industries, Inc.*, 772 F.2d [1140], 1147 [ (4th Cir.1985) ]." (footnote omitted).[3]

varying factors to be considered when determining whether a state law is preempted by ERISA. The Court stated:

> "A rule of [state] law relates to an ERISA plan [and is therefore preempted] if it is specifically designed to affect employee benefit plans, if it singles out such plans for special treatment, or if the rights or restrictions it creates are predicated on the existence of such a plan.
>
>     *    *    *    *    *    *
>
> This does not end [the] inquiry, however. A state rule of law may be preempted even though it has no ... direct nexus with ERISA plans if its effect is to dictate or restrict the choices of ERISA plans with regard to their benefits, structure, reporting and administration, or if allowing states to have such rules would impair the ability of a plan to function simultaneously in a number of states." (footnotes omitted). 995 F.2d at 1192–93.
> *See also* 29 C.F.R. § 2510.3 (1975) (defining certain types of plans as clearly *exempt* from ERISA's purview).

In *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 514, 101 S.Ct. 1895, 1902, 68 L.Ed.2d 402 (1981) the Supreme Court addressed congressional intent towards the integration of social security benefits with ERISA plan benefits, stating: "[When it adopted the ERISA,] Congress expressly preserved the option of pension fund integration with benefits available under ... the Social Security Act[.]"

Perhaps more importantly, the *Alessi* Court also discussed whether the terms of a collective bargaining agreement relating to an ERISA plan are governed by federal or state law:

"Where ... pension plans emerge from collective bargaining, the additional federal interest in precluding state interference with labor management negotiations calls for pre-emption of state efforts to regulate pension terms.... As a subject of collective bargaining, pension terms themselves become expressions of federal law, requiring preemption of intrusive state law." 451 U.S. at 525–26, 101 S.Ct. at 1907–08, 68 L.Ed.2d at 418.

The *Alessi* Court found that,

"[it] is of no moment that [state law] intrudes indirectly [upon the ERISA, because] ERISA makes clear that even indirect state action bearing on private pensions may encroach upon the area of exclusive federal concern.... ERISA's author's clearly meant to preclude the States from avoiding through form the substance of the pre-emption provision." 451 U.S. at 525, 101 S.Ct. at 1907, 68 L.Ed.2d at 418.

4. The Court again notes that Plaintiff's counsel failed to submit a memoranda with his motion to remand as required by Local Rule 2.03.

5. Less clear, however, is this Court's original jurisdiction pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Defendant argues this statute preempts state law simply because Plaintiff's complaint involves a collective bargaining agreement. Such is not the case. Only where the collective bargaining agreement requires *interpretation* will the LMRA preempt state law. *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410, 423 (1988).

*See also Stuart v. Metropolitan Life Ins. Co.*, 664 F.Supp. 619, 623–24 (D.Me.1987), *aff'd*, 849 F.2d 1534 (1st Cir.), *cert. denied*, 488 U.S. 968, 109 S.Ct. 496, 102 L.Ed.2d 533 (1988), recognizing,

"The fact that the word 'retroactive' is not used in the [ERISA] Plan ... language does not eliminate the fact that the clear language of those documents anticipates reductions in Plan benefits upon the receipt of Social Security benefits. A disabled insured would be required to accept such a reduction upon the immediate payment of Social Security benefits; it would be illogical to construe the contract language to mean that because Social Security payments were delayed and then paid in a lump sum, the insured would be entitled to Plan benefits *and* the Social Security payment." (emphasis in original).

*Compare Nesom v. Brown & Root, U.S.A., Inc.*, 987 F.2d 1188, 1192–93 (5th Cir.1993) (workers compensation payments may be deducted from ERISA benefits).

■■■ Based upon the foregoing, it appears as if the Defendant has sufficiently rebutted the Plaintiff's motion for remand pursuant to the ERISA preemption argument.[4] The Defendant contends the "benefit plan" and collective bargaining agreement upon which the preemption argument is based show the benefit plan and ensuing deductions are related to the ERISA and thus ERISA preempts state law to the contrary. This argument is supported by *Alessi, supra.* The Plaintiff has not produced contrary assertions or authority.[5]

It is unclear from the record whether an interpretation of the collective bargaining agreement will be required in this case. Plaintiff acknowledges federal law controls any necessary interpretation of the collective bargaining agreement, but baldly asserts federal law "does not preempt this state law claim because the West Virginia Wage Payment and Collection Act does not involve interpretation of that contract." Plaintiff's motion to remand at 2.

The Court has not been furnished a copy of the "benefit plan" or the collective bargaining agreement at issue herein.

## II.

In a motion for remand, it is

"the general rule that '[t]he removal statutes are to be strictly construed against removal, with any doubt in a particular case to be resolved against removal.' *Storr Office Supply v. Radar Business Systems,* 832 F.Supp. 154, 156 (E.D.N.C. 1993). The burden of proving that removal is proper is on the defendants, who removed the case, not on the plaintiff who made the motion to remand. *See Gafford v. General Electric,* 997 F.2d 150, 155 (6th Cir.1993) ('A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements.'); *see also* 14A Charles A. Wright, Arthur R. Miller, & Edward E. Cooper ('Wright & Miller'), Federal Practice and Procedure § 3739 (1985) ('The burden is on the party seeking to preserve the removal, not the party moving for remand.')." *Griffin v. Holmes,* 843 F.Supp. 81, 84 (E.D.N.C.1993).

*See ELCO Mechanical Contractors, Inc. v. Builders Supply Ass'n of West Virginia,* 832 F.Supp. 1054 (S.D.W.Va.1993).

■ The Plaintiff failed to comply with Local Rule 2.03. That alone provides basis to deny his motion to remand. The Defendant, however, has addressed the merits of the motion. This Court has addressed the merits based upon the limited assertions of the parties and found reason to deny the Plaintiff's motion. Accordingly, this Court concludes the Defendant has met its burden of establishing grounds for removal. The Plaintiff's motion for remand is **DENIED.**