645 N.E.2d 1121 (1995)
SEABOARD SURETY COMPANY, Appellant-Defendant,
v.
INDIANA STATE DISTRICT COUNCIL OF LABORERS AND HOD CARRIERS HEALTH AND WELFARE FUND, Indiana State District Council of Laborers and Hod Carriers Pension Fund, Indiana State District Council of Laborers and Hod Carriers Training Fund, Indiana District State Council of Laborers and Hod Carriers Working Dues Fund, Laborers Local Union No. 120, Indiana State District Council of Laborers and Hod Carriers, Indiana State Council of Plasterers and Cement Masons Health and Welfare Fund, Indiana State Council of Plasterers and Cement Masons Pension Fund, Cement Masons Local 532, Carpenters District Council of Central and Western Indiana, James Allen, Frank Arthur, Harry Bayliff, Walter Beard, Keith Brown, Gary Coss, Jerry Crowe, James Duncan, Stevan Fines, Joel Franzen, Benjamin Giroud, Rick Glenn, Carl Hall, Jerry Herrod, Melvin Johnson, William Matthias, Jr., Craig Landers, Joseph Lewis, Ervin Marble, Willie Miles, John T. Monroe, Todd Overstreet, Billy Richey, Mark Schuttler, Steven Smitherman, Barney Stover, Andrew Thomas, Elijah Thomas, Lavon Thomas, Peter Thompson, Enoch Vinnegar, Jr., James Wyatt, Appellee-Plaintiff.
No. 49A02-9309-CV-479.
Court of Appeals of Indiana, Second District.
January 30, 1995.
Transfer Denied May 18, 1995.
*1122 Theodore J. Nowacki, V. Samuel Laurin, III, Bose McKinney & Evans, Indianapolis, for appellant.
Neil E. Gath, Fillenwarth Dennerline Groth & Towe, Indianapolis, for appellee.
Douglas D. Small, Adam A. Milani, Barnes & Thornburg, South Bend, for amicus curiae.
Karl L. Mulvaney, Nana Quay-Smith, Julie C. Payne, Bingham Summers Welsh & Spilman, Ann Carr Mackey, Sommer & Barnard, PC, Indianapolis, for amici curiae.

OPINION
KIRSCH, Judge.
The Plaintiff-Appellees (the Claimants) are employee welfare benefit plans (the Plans), voluntary unincorporated associations doing business as labor organizations (the Labor Organizations), and laborers or cement masons (the Employees) who were employed by J. Cris Corporation (J. Cris) on the Belmont and Southport Wastewater Treatment Projects (the Projects). BMW Constructors, Inc. (BMW) was the primary contractor for the City of Indianapolis on the Projects, and J. Cris was a subcontractor of BMW.
Because the Projects were public works subject to IC XX-X-XX-XX.1, BMW obtained *1123 payment and performance bonds from Seaboard Surety Company (Seaboard). The bonds, inter alia, insured J. Cris's payment of fringe benefit contributions to the Plans for its employees on the Projects, contributions which were required under collective bargaining agreements with the Labor Organizations. J. Cris defaulted on its fringe benefit contributions to the Plans and filed for bankruptcy in November 1988. Contributions owed the Plans by J. Cris, and covered by the bond, remain unpaid.
Claimants brought suit on the bond to collect the delinquent fringe benefit contributions. Seaboard responded, contending that the enforcement provisions of the Employee Retirement Income Security Act of 1974 (ERISA)[1] pre-empt this action. The trial court held that the claim on the surety bond was not pre-empted by ERISA. Seaboard appeals that judgment.
We affirm.

ISSUE
Whether ERISA pre-empts a state common law claim against a paid surety to recover delinquent fringe benefit contributions from its payment bond.

DISCUSSION AND DECISION
Seaboard contends that the civil enforcement mechanisms set forth in ERISA[2] pre-empt any state remedy regarding employee benefit plans. As a result, no common law state action can be brought to collect on the payment bond. Claimants counter that state laws which provide alternate enforcement mechanisms for ERISA-protected claims, but do not single out employee benefit funds, are not pre-empted by ERISA.
The starting point in determining whether federal legislation pre-empts state law is the supremacy clause of the United States Constitution: "the laws of the United States ... shall be the supreme law of the land ... anything in the constitution or laws of any state to the contrary notwithstanding." U.S. Const. art. VI, cl. 2. Based upon this section, state law which conflicts with federal law has no effect. Maryland v. Louisiana (1981), 451 U.S. 725, 746, 101 S.Ct. 2114, 2128-29, 68 L.Ed.2d 576.
Supremacy clause analysis begins "with the assumption that the historic police powers of the States [are] not to be superseded by ... Federal Act unless that [is] the clear and manifest purpose of Congress." Rice v. Santa Fe Elevator Corp. (1947), 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447. "The purpose of Congress is the ultimate touchstone" of pre-emption analysis, Allis-Chalmers Corp. v. Lueck (1985), 471 U.S. 202, 208, 105 S.Ct. 1904, 1909, 85 L.Ed.2d 206 (quoting Malone v. White Motor Corp. (1978), 435 U.S. 497, 504, 98 S.Ct. 1185, 1189, 55 L.Ed.2d 443, quoting Retail Clerks Int'l Ass'n, Local 1625, AFL-CIO v. Schermerhorn (1963), 375 U.S. 96, 103, 84 S.Ct. 219, 222, 11 L.Ed.2d 179), and that purpose may be found in the explicit language of the statute or implied in the statute's structure and purpose. Jones v. Rath Packing Co. (1977), 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604.
State law is pre-empted if it actually conflicts with federal law, even absent express pre-emptive language. Pacific Gas & Elec. Co. v. State Energy Resources Conservation and Dev. Comm'n (1983), 461 U.S. 190, 204, 103 S.Ct. 1713, 1722, 75 L.Ed.2d 752. State law is also pre-empted if federal law is "so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta (1982), 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (quoting Rice v. Santa Fe Elevator Corp., 331 U.S. at 230, 67 S.Ct. at 1152).
ERISA contains express pre-emptive language which provides that "[T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b)." 29 U.S.C. § 1144. *1124 A law `relate[s] to' an employee benefit plan, and thereby is pre-empted, "if it has a connection with or reference to such a plan," Shaw v. Delta Air Lines, Inc. (1983), 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490, but "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law `relates to' the plan." Id. at 101 n. 21, 103 S.Ct. at 2901 n. 21.
The Supreme Court has provided some broad and general guidelines to indicate when ERISA will pre-empt state laws which affect employee benefit plans. Massachusetts Mut. Life Ins. Co. v. Russell (1985), 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96, involved a suit by an employee benefit plan beneficiary to recover damages from the plan for delay in paying her plan benefits. ERISA did not provide for extracontractual damages, and the Supreme Court held that the beneficiary was limited to the relief specified in § 502(a) of ERISA,[3] because the extensive remedies therein provided to the beneficiary implied that Congress intended those remedies to be exclusive:
"We are reluctant to tamper with an enforcement scheme crafted with such evident care as the one in ERISA. As we stated in Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 19, 100 S.Ct. 242, 246, 62 L.Ed.2d 146 (1979): `[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.' `The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement.' Northwest Airlines, Inc. v. Transport Workers, 451 U.S. [77], at 97, 101 S.Ct. [1571], at 1583 [67 L.Ed.2d 750 (1981)]."
Russell, 473 U.S. at 147, 105 S.Ct. at 3093.
In Pilot Life Ins. Co. v. Dedeaux (1987) 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39, the Court similarly held that a beneficiary's ERISA remedies against an employee benefit plan are exclusive and thus pre-empt state common law tort and contract remedies against the plan. Id. at 52, 107 S.Ct. at 1555. The Court again found that the extensive remedies included in ERISA implied that Congress intended a beneficiary have no others against an employee benefit plan:
"The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive. This conclusion is fully confirmed by the legislative history of the civil enforcement provision."
Pilot Life, 481 U.S. at 54, 107 S.Ct. at 1556-57.
The extensive civil remedies referred to by the Court were remedies available to a beneficiary in a suit against the plan. As originally passed in 1974, ERISA included no remedies for the plan to collect delinquent contributions. The sole plan remedy to collect delinquent plan contributions through suit against contributors to a plan was added by amendment to ERISA in 1980. 29 U.S.C. §§ 1145, 1132(g).[4]
The federal House of Representatives Committee on Ways and Means acknowledged the existence of alternate state remedies for delinquent multiemployer plan contributions in its report on the proposed amendment:
"The Bill pre[-]empts any state or other law which would prevent the award of reasonable attorney's fees, court costs or liquidated damages, or which would limit liquidated damages to an amount below the 20 percent level. However, the Bill does not preclude the award of liquidated damages in excess of the 20 percent level where an award of such a higher level of liquidated damages is permitted under applicable State or other law. The Committee amendment does not change any other type of remedy permitted under State or Federal law with respect to delinquent multiemployer plan contributions."
*1125 H.R.Rep. No. 869(II), 96th Cong., 2d Sess. 48-49 (1980), reprinted in 1980 U.S.C.C.A.N. 3037-38. This portion of the amendment's legislative history expressly recognizes alternate state law remedies and provides that they are not pre-empted by the ERISA remedy added under 29 U.S.C. §§ 1132(g) and 1145. The omission of any remedy for delinquent contributions prior to the 1980 amendment and the recognition of alternate state remedies in the amendment's legislative history show that the ERISA remedy for delinquent contributions was not intended to be exclusive.
In Mackey v. Lanier Collection Agency & Serv., Inc. (1988), 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836, the Court held that the state's general garnishment statute could be used to collect judgment debts because ERISA does not provide an enforcement mechanism for collecting judgments and, thus, "state-law methods for collecting money judgments must, as a general matter, remain undisturbed by ERISA... ." Id. at 834, 108 S.Ct. at 2187-88. In later cases, the Supreme Court found pre-emption where a state law imposed an additional regulatory burden upon ERISA plans, FMC Corp. v. Holliday (1990), 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356, and where the state law cause of action was dependent upon the existence of an ERISA plan, Ingersoll-Rand Co. v. McClendon (1990), 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474. The Supreme Court has never held that a state law providing a plan with supplemental remedies was pre-empted by ERISA.
Given the lack of Supreme Court precedent, Seaboard has directed our attention to a number of cases from other states and lower federal courts in which the court found ERISA pre-emption of state laws providing supplemental remedies, chiefly mechanic's liens. Although we treat other jurisdictions' interpretation of federal law with respect, we are not bound by those interpretations. See Shelter Mut. Ins. Co. v. Barron (1993), Ind. App., 615 N.E.2d 503, 506, trans. denied. Neither are we bound by a lower federal court's interpretation of federal law. Indiana Dep't of Pub. Welfare v. Payne (1993), Ind., 622 N.E.2d 461, 468. In Carpenters Health and Welfare Trust Fund of California v. Developers Ins. Co. (1992), 11 Cal. App.4th 1539, 15 Cal. Rptr.2d 85; Chestnut-Adams Ltd. Partnership v. Bricklayers and Masons Trust Funds of Boston, Mass. (1993), 415 Mass. 87, 612 N.E.2d 236; McCoy v. Massachusetts Inst. of Technology (1st Cir.1991), 950 F.2d 13, cert. denied, 504 U.S. 910, 112 S.Ct. 1939, 118 L.Ed.2d 545; Prestridge v. Shinault (1989), La. Ct. App., 552 So.2d 643, writ denied (1990), La., 559 So.2d 131; and Sturgis v. Herman Miller, Inc. (9th Cir.1991), 943 F.2d 1127, the state law which the court found to be pre-empted singled out ERISA plans, by express reference, for special treatment. These state laws fall squarely within the rule that "any state law which singles out ERISA plans, by express reference, for special treatment is pre-empted." Mackey v. Lanier Collection Agency and Serv., Inc., 486 U.S. at 838 n. 12, 108 S.Ct. at 2190 n. 12.
Bricklayers and Allied Craftsmen Int'l Union Local 33 Benefit Funds v. America's Marble Source, Inc. (3d Cir.1991), 950 F.2d 114, involved a state law which required the owner or prime contractor of a construction project to withhold money owed to a subcontractor upon notice that the subcontractor was delinquent in benefit fund payments. The Third Circuit Court of Appeals found the challenged statute to be pre-empted by ERISA because the statute singled out ERISA plans for special treatment and because the challenged statute regulates how ERISA plans are funded "[b]y creating a new cause of action and imposing liability upon project owners and prime contractors who have not agreed to make contributions... ." Id. at 118. In Ironworkers Mid-South Pension Fund v. Terotechnology, Corp. (5th Cir.1990), 891 F.2d 548, reh'g denied, 896 F.2d 549 (en banc), cert. denied, 497 U.S. 1024, 110 S.Ct. 3272, 111 L.Ed.2d 782, the Fifth Circuit Court of Appeals found that ERISA pre-empted a Louisiana state public works act which allowed filing of mechanic's liens to collect unpaid fringe benefits because it singled out ERISA plans for special treatment and because "it attempt[ed] to supplement the exclusive civil remedies provided by ERISA." Id. at 555.
*1126 Two California state appellate courts have also found pre-emption where the challenged statute singles out ERISA plans for special treatment and the statute provides additional remedies not included in ERISA. In Carpenters Southern California Admin. Corp. v. El Capitan Dev. Co. (1991), 53 Cal.3d 1041, 282 Cal. Rptr. 277, 811 P.2d 296, cert. denied, 502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 450, the California Supreme Court held that ERISA pre-empted a state mechanic's lien statute because the statute singled out ERISA plans for special treatment and, therefore, related to ERISA plans. Id., 282 Cal. Rptr. at 281, 811 P.2d at 300. In addition, the court found pre-emption because the mechanic's lien law "create[d] a new state cause of action for the collection of contributions owed to benefit plans and ma[de] an additional entity liable for such contributions." Id. The California Court of Appeals, relying upon El Capitan, found that ERISA pre-empted a state law which allowed trust funds to recover on a contractor's bond. Carpenters Health & Welfare Trust Fund of California v. Surety Co. of the Pac. (1993), 13 Cal. App.4th 1406, 18 Cal. Rptr.2d 661. The court held the state law was pre-empted because it "singles out and specifically mentions employee benefit plans" and because "ERISA provides its own collection mechanisms." Id., 18 Cal. Rptr.2d at 663.
Although several of the cases relied upon by Seaboard hold that a state statute which supplements ERISA's remedies is pre-empted, in only two of those cases did the court find pre-emption of a state law which did not also single out ERISA plans for special treatment. Trustees of Elec. Workers Health and Welfare Trust v. Marjo Corp. (9th Cir.1993), 988 F.2d 865, involved a Nevada statute which made the general contractor also liable for the indebtedness of its subcontractors. The statute made no mention of benefit plans or otherwise singled them out for special treatment. In holding that ERISA pre-empted the Nevada statute, the court held that: "The Trustees are attempting to use the Nevada statute to enforce the terms of a plan. To the extent that the enforcement mechanism of the Nevada statute supplements those provided by ERISA, it is preempted." Id. at 867. After due consideration, we cannot agree that any state law which supplements the ERISA enforcement mechanisms is pre-empted by them. This interpretation simply fails to take into account the legislative history of ERISA remedies set forth above.
The other case finding pre-emption of a supplemental remedy without an ERISA-plan reference is the only Indiana appellate court case which has addressed ERISA pre-emption. In Edwards v. Bethlehem Steel Corp. (1990), Ind. App., 554 N.E.2d 833, trans. denied, we held that ERISA pre-empted the Indiana mechanic's lien statute[5] as a remedy to recover unpaid employee fringe benefits. Relying upon Pilot Life Ins. Co. v. Dedeaux (1987), 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39, we said:
"When a state statute relates to or interferes with ERISA, the statute will be pre[-]empted. Here, the mechanic's lien statute relates to ERISA: If Laborers [the fund beneficiaries/employees] were allowed to recover wages and fringe benefits from Bethelehem, then FLR [the employer] and the fringe benefit funds would be affected; they would either have no further obligation to pay Laborers, or Laborers could receive a double payment windfall, providing FLR or the funds paid Laborers at some future time. Even though I.C. 32-8-3-1 [the mechanic's lien statute] does not specifically address welfare benefit plans, ERISA may still pre[-]empt any state law with which it conflicts."
Edwards, 554 N.E.2d at 836.
Our decision in Edwards involved two factors not present in this case: 1) in Edwards, the laborers sought enforcement under a mechanic's lien which was entered against real estate owned by someone who was a stranger to the benefit payment obligation, while here Seaboard voluntarily guaranteed that payment;[6] and 2) in Edwards, *1127 we were concerned with the possibility of a double recovery by the laborers, while here J. Cris' bankruptcy precludes that possibility. Although we agree that a state statute which interferes with an ERISA function is thereby pre-empted, we find that a supplemental remedy provided by state law need not necessarily interfere with ERISA and if it does not, then it is not pre-empted. We do not see how a suit upon a bond, voluntarily written by Seaboard and for the benefit of the Plan, interferes with ERISA and do not find ERISA pre-emption of that suit. Consequently, we choose not to extend our holding in Edwards beyond its application to the mechanic's lien statute. See Dow-Par, Inc. v. The Lee Corp. (1990), Ind. App., 644 N.E.2d 150, 153 (IC XX-X-XX-XX.1 serves purpose different from mechanic's lien statute, leading to different interpretations).
We conclude that the enforcement scheme and extensive remedies of ERISA discussed by the Court in Pilot Life and Russell refer only to a beneficiary's remedies against the plan and that a state law will not automatically be pre-empted because it provides a supplemental remedy to collect delinquent contributions, unless the state law refers to benefit plans, singles them out for special treatment, or actually conflicts with ERISA. This conclusion does not end our review. We must still determine whether appellants' claim relates to an employee benefit plan and thus is pre-empted, or whether it "affect[s] employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law `relates to' the plan." Shaw, 463 U.S. at 101 n. 21, 103 S.Ct. at 2901 n. 21.
The Sixth Circuit has identified three factors to consider in making this determination:
"(1) `whether the state law represents a traditional exercise of state authority;' (2) whether the `state law ... affects relations among the principal ERISA entities  the employer, the plan, the plan fiduciaries, and the beneficiaries,' which would be troublesome, or if rather, the law affects `relations between one of these entities and an outside party, or between two outside parties with only an incidental effect on the plan;' or (3) whether the effect of the state law on the ERISA plan is merely incidental in nature."
Saylor v. Parker Seal Co. (6th Cir.1992), 975 F.2d 252, 255.
Our analysis of the challenged state laws under the Saylor standard supports the trial court's finding of no ERISA pre-emption. First, Indiana has required bonds on public works projects and allowed recovery against those bonds since the nineteenth century; the bond requirement and the remedy are, therefore, traditional exercises of state authority. See, e.g., Acts 1877 (Spec.Sess.), ch. 9, §§ 1, 2 (repealed and replaced 1907) (public works bond guarantees payment of all debts incurred by contractor in prosecution of work and laborer may collect on bond); Faurote v. State ex rel. Gordon (1887), 110 Ind. 463, 465, 11 N.E. 472, 474. See also, Acts 1911, ch. 173, § 2;[7]Eagle Indemnity Co. v. McGee (1931), 92 Ind. App. 537, 175 N.E. 663. Second, the challenged laws affect relations between the plan and a surety who is an outside party, they do not affect relations among parties to an ERISA plan. Finally, any effect on the plan itself is merely incidental; the state law remedies may increase the money available for payment of benefits, but in no way do the state laws change benefit eligibility or the way benefits are calculated.
Indiana's statutes requiring payment and performance bonds on public works projects do not refer to ERISA benefit plans, do not single them out for special treatment, and do not conflict with ERISA. IC XX-X-XX-XX.1 and the common law right to recover on a bond written pursuant to that section affect employee benefit plans in too tenuous, remote, and peripheral a manner to warrant a finding that they relate to such a plan. Consequently, we hold that an action to collect on *1128 a bond written pursuant to IC XX-X-XX-XX.1 is not pre-empted by ERISA.
Affirmed.
STATON and CHEZEM, JJ., concur.
NOTES
[1] 29 U.S.C. § 1001 et seq.
[2] The ERISA civil enforcement mechanisms are found in 29 U.S.C. § 1132.
[3] 29 U.S.C. § 1132(a).
[4] Pub.L. 96-364, Title III, §§ 306(a) and (b).
[5] IC 32-8-3-1 (1989 Supp.).
[6] "[A] mechanic's lien provides relief to laborers which is in direct conflict with the rights of a landowner, while the public work statutes [IC XX-X-XX-XX.1] provide a remedy against a surety which has been compensated for assuming that risk." Carpenters Pension Fund v. Seaboard Surety Co. (1992), Ind. App., 601 N.E.2d 352, 356, trans. denied.
[7] Now IC 5-16-5-2 (1993 Ed.).