**Paul COX, Appellant,**

v.

**SBC, Appellee.**

No. 49A04–0401–CV–38.

Court of Appeals of Indiana.

Oct. 22, 2004.

Ronald E. Weldy, Abrams & Weldy, PA, Indianapolis, IN, Attorney for Appellant.

Brian L. McDermott, Candace S. Walker, Ogletree, Deakins, Nash, Smoak & Stewart, PC, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Paul Cox (Cox) appeals the trial courts grant of SBC's motion for summary judgment.

We affirm.

### ISSUE

Whether Cox's claim is pre-empted by the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq.

### FACTS

Paul Cox is an employee of Indiana Bell Telephone Co., Inc. (IBT).[1] Cox applied for disability benefits from the Ameritech Sickness and Accident Disability Benefit Plan (ASADBP) due to a medical leave of absence lasting from September 2001 until March 2002. Cox received two thousand nine hundred and four dollars ($2,904.00) during that time period. ASADBP later determined Cox was ineligible for the benefits he had received. Cox was informed that pursuant to the plan, he was expected to pay back the money to the plan that he had received. Cox appealed the decision within the ASADBP's appellate procedures, and the appeal was denied. Notice of denial was sent to Cox on February 27, 2002. After giving notice to Cox to repay the funds, and he failed to do so, in order to recover the money it paid to Cox during his medical leave, IBT began deducting payments from Cox's bi-weekly pay for the benefits paid to Cox through ASADBP.[2]

On March 31, 2003, Cox filed an action in court seeking recovery of the wages deducted by SBC. On June 13, 2003, Cox filed a motion for summary judgment. In his memorandum of law supporting his motion, Cox argued his basis for relief was that the deduction from his wages by SBC violated Indiana Wage Deduction statutes. On August 18, 2003, SBC filed its response and a motion for summary judgment. In SBC's brief in support of its motion for summary judgment, it argued that the Employee Retirement and Income Security Act (hereinafter "ERISA") preempted the state statutes in this action and further, if not preempted, the deductions were made in accordance with the Indiana Deduction for Overpayment statutes, Ind. Code § 22–2–6–4. On October 21, 2003, the trial court denied Cox's motion for summary judgment and granted SBC's motion for summary judgment. In the minute entry, the trial court stated the order for SBC was granted because it

---

1. The parties appear to agree that as an employee for IBT, Cox is entitled to insurance coverage under Ameritech Sickness and Accident Disability Benefit Plan (ASADBP); since this issue is not contested, it will be presumed that he is covered by said plan.

2. Though IBT was not required to comply with Ind.Code § 22–2–6–4, it did comply by not deducting more than the lesser of 25% of Cox's disposable earnings for the week or the amount by which Cox's disposable earnings for that week exceed 30 times the federal minimum hourly wage.

found that SBC acted properly under the Indiana Deduction for Overpayment.

## DECISION

■ Summary judgment is appropriate if the pleadings and evidence submitted demonstrate there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Because the trial court's grant of summary judgment is "clothed with a presumption of validity," Cox "must persuade [us] that error occurred." *Wilson v. Royal Motor Sales, Inc.*, 812 N.E.2d 133, 135 (Ind.Ct.App.2004). We review evidence in the "light most favorable to the non-moving party, and the moving party has the burden of demonstrating the absence of a genuine issue of material fact." *Id.* We will not weigh the evidence or evaluate the credibility of witnesses. *Id.*

■ Cox argues that ERISA does not apply because the issue at hand deals with his wages and, therefore, Indiana Wage Deduction and Wage Payment statutes should apply. In the alternative, Cox argues that if even ERISA does apply, a wage issue should not be pre-empted because "[w]age [d]eductions and [w]age [p]ayment statutes do not relate to a proper ERISA action in any manner." Cox Br. 11. Cox's argument fails to recognize that this matter is not solely related to wages.

Congress stated through its findings and declaration of policy for ERISA that "it is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries." 29 U.S.C § 1001(b) (2001). Employee benefit plans are defined as being either a welfare benefit plan or a pension benefit plan. 29 U.S.C § 1002(3) (2001). Because it is relevant to the issues in this case, we will only review the definition of the employee welfare benefit plan. An employee welfare benefit plan is defined as a plan that is "maintained for the purpose of providing its participants or their beneficiaries ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits." 29 U.S.C § 1002(1)(A) (2001).

■ ASADBP by its very name is maintained to address employee disability needs. Further, the stated purpose of the plan is to "provide short term disability benefits, ... for employees of the Company and of any subsidiary." (Cox App. 61). Because the ASADBP fits the ERISA definition of an employee welfare benefit plan, it comes within the purview of ERISA. Once it is determined that ERISA applies, a separate analysis must be conducted to determine if state law is preempted. *See Mackey v. Lanier Collection Agency & Serv.*, 486 U.S. 825, 831, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988).

■ The purpose of ERISA legislation was to establish uniform laws to govern employee benefit plans. *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 10, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). Congress set out to supercede all state laws that would directly or indirectly attempt to regulate such plans. *Id.* Thus, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C § 1144(a) (1999).

■ In determining whether a state law "relate[s] to" an employee benefit plan, we start with the presumption that Congress, in general, did not intend state law to be pre-empted. *Seaboard Sur. v. Ind. St. Dist. Council*, 645 N.E.2d 1121, 1123 (Ind.Ct.App.1995). To overcome this presumption, congressional intent must clearly show preemption for we know that "[t]he purpose of Congress is the ultimate

touchstone." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 138, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). Congress' intent may be exhibited through express language in a statute or implied through extremely "pervasive language as to make reasonable the inference that Congress left no room for the States to supplement it." *Seaboard*, 645 N.E.2d at 1123.

 The preemption language in ERISA is vast, seeking to preempt state laws that not only directly affect such plans but even "relate to" employee benefit plans. *Ingersoll–Rand Co.*, 498 U.S. at 140, 111 S.Ct. 478. Further, the purpose of ERISA is to ensure that there would be no conflicting or dual state and federal regulations pertaining to employee benefit plans. *Fort Halifax Packing Co.*, 482 U.S. at 10, 107 S.Ct. 2211. A state statute will relate to ERISA if it expressly purports to apply to ERISA or if the statute in any way attempts to regulate an employee benefit plan. *Fort Halifax Packing Co.*, 482 U.S. at 11, 107 S.Ct. 2211.

At the trial court level, Cox sought relief under Indiana Code § 22–2–6 et al and § 22–2–5 et al. Neither of these code sections directly addresses ERISA or any sort of benefit plan. The Wage Deduction statute addresses the voluntary assignment of wages by employees and permissible reasons for deductions generally. These statutes do not directly affect ERISA. However, if these statutes were applied to address his grievances regarding benefits from ASADBP, as Cox de-

sires, such an application of these statutes would serve to regulate and "relate to" an employee benefit plan.[3] This is exactly the type of action the ERISA preemption language sought to prohibit.

Therefore, we affirm the trial court's order granting SBC's motion for summary judgment. Cox's allegations that he is entitled to relief pursuant to the Indiana Wage deduction statute fails, as it is preempted by ERISA as a matter of law.

SHARPNACK, J., and ROBB, J., concur.

---

3. *Fox v. General Motors Corp.* is illustrative on this point. 859 F.Supp. 216 (S.D.W.Va.1994). Fox applied for temporary disability benefits while on sick leave; however while on that leave, he also received Social Security disability benefits, which was in violation of the ERISA plan from which he had received benefits from his employer. *Id.* at 217. Fox's employer sought to recover the benefits it had paid to Fox and did so by deducting a fixed amount from each of Fox's pay checks when Fox returned to work. *Id.* Fox argued General Motors' deduction was in violation of Virginia's wage deduction statute. *Id.* The court agreed with the defense argument that the plan was an ERISA plan and the deductions that were made from Fox's salary "are related to the ERISA and thus ERISA preempts state law to the contrary." *Id.* at 219.