**George SNELL, Appellant–Plaintiff,**

v.

**C.J. JENKINS ENTERPRISES, INC., and Charles D. Jenkins, Appellees–Defendants.**

No. 49A02–0709–CV–792.

Court of Appeals of Indiana.

March 10, 2008.

Christopher K. Starkey, Indianapolis, IN, Attorney for Appellant.

Janet G. Mallett, Mallett Law Offices, Indianapolis, IN, Attorney for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Plaintiff George Snell appeals the trial court's order granting summary judgment in favor of Defendants–Appellees, C.J. Jenkins Enterprises, Inc. and Charles D. Jenkins ("Jenkins") in his action for damages and unpaid wages against Jenkins under Indiana's wage statutes. Upon appeal, Snell claims that the trial court erred in determining he was not Jenkins's employee and granting summary judgment to Jenkins on that basis. We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2002, Jenkins entered into a written agreement with Snell whereby Snell would deliver newspapers, and Jenkins would compensate him according to the number of newspapers he delivered. As part of the agreement, Snell assumed all risk of loss regarding his operational expenses, and he retained the right to perform similar services for others. The agreement specified that Snell was not an employee, that he had no benefits, and that he was responsible for tax obligations and other licenses and permits required by law.

The agreement, deemed a "Confidential Independent Contractor Agreement," did not have an expiration date and provided that either party could terminate the agreement for any reason upon giving twenty-eight days' advance written notice. The agreement further provided that if either party improperly terminated the agreement, the terminating party owed the other party $400 in liquidated damages.

The parties do not dispute that their agreement terminated in December 2005. Snell contends that Jenkins fired him. Jenkins contends that Snell called him on December 11, 2005, and reported that his last day would be December 25, 2005. Based upon his contention that Snell terminated the agreement orally and with fewer than twenty-eight days' advance notice, Jenkins deducted $400 from Snell's final paycheck.

On August 15, 2006, Snell filed a complaint against Jenkins under the Indiana Wage Payment Statute, Indiana Code section 22–2–5 (2006); the Indiana Wage Claims Statute, Indiana Code section 22–2–9 (2006); and the Indiana Wage Deduction Statute, Indiana Code section 22–2–6 (2006). On February 20, 2007, Snell moved for summary judgment. On August 10, 2007, the trial court denied Snell's motion for summary judgment and entered summary judgment in favor of Jenkins. This appeal follows.

## DISCUSSION AND DECISION

Summary judgment is proper if the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *St. Vincent Hosp. and Health Care Ctr., Inc. v. Steele,* 766 N.E.2d 699, 702 (Ind.2002). On appeal, we construe all facts and reasonable inferences drawn from those facts in a light most favorable to the nonmoving party. *St. Vincent,* 766 N.E.2d at 702. "When any party has moved for summary judgment, the court may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party." Ind. T.R. 56(B).

Both Indiana Code sections 22–2–5 and 22–2–9 govern wage disputes between employers and employees. *See St. Vincent,* 766 N.E.2d at 705. Indiana Code section 22–2–6 addresses the assignment of wages by employees. *Cox v. SBC,* 816 N.E.2d 481, 485 (Ind.Ct.App.2004), *trans. denied.* Snell does not dispute that in order to

recover under any of the above wage statutes, he must qualify as an "employee." None of the above wage statutes defines "employee." *See Mortgage Consultants, Inc. v. Mahaney,* 655 N.E.2d 493, 495 (Ind. 1995) (interpreting Indiana Code section 22-2-5). The term "employee" is a term of art with a distinct meaning at common law. *Id.* Because the above Indiana Code sections do not suggest different meanings than at common law, we interpret "employee" under those sections in accordance with the common-law conception of employees. *See id.*

■■■■ As a general rule, an independent contractor controls the method and details of his task and is answerable to the principal as to results only. *Detrick v. Midwest Pipe & Steel, Inc.,* 598 N.E.2d 1074, 1077 (Ind.Ct.App.1992). Whether one acts as an employee or an independent contractor is generally a question for the finder of fact. *Moberly v. Day,* 757 N.E.2d 1007, 1009 (Ind.2001). If the significant underlying facts are undisputed, however, the court may properly determine a worker's classification as a matter of law. *Id.*

■■■■ Both parties base their arguments upon the seven-factor test used by the Indiana Supreme Court in *GKN Co. v. Magness,* 744 N.E.2d 397, 403-03 (Ind. 2001) for purposes of determining the existence of an employer-employee relationship. In *Moberly,* 757 N.E.2d at 1009–10 n. 3, the Indiana Supreme Court observed that this seven-factor test is better-suited for determining whether a person is an employee of two different employers, a common question in the Worker's Compensation context.[1] For purposes of determining whether an individual's status is that of an employee or an independent

contractor, the *Moberly* court indicated that it would continue to apply the ten-factor approach described in the Restatement (Second) of Agency § 220 (1958). 757 N.E.2d at 1009–1010. Because the question at issue here is whether Snell was Jenkins's employee or an independent contractor, we too will employ the ten-factor test pursuant to the Supreme Court's direction in *Moberly.* These ten factors are as follows:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

*Moberly,* 757 N.E.2d at 1010 (citing Restatement (Second) of Agency § 220(2) (1958)). We consider all factors, and no single factor is dispositive. *Id.*

---

1. The Worker's Compensation Act contemplates that one worker may simultaneously have two employers. *GKN Co. v. Magness,* 744 N.E.2d 397, 402 (Ind.2001).

**A. Extent of Control Over Details of Work.** The *Moberly* court observed that the factor of control is an important one in the instant analysis. 757 N.E.2d at 1010. When an individual is answerable to another for results only, rather than for the particulars of how the assigned task is accomplished, this factor weighs in favor of the individual's having independent contractor status. *Id.* at 1011.

Although as Snell points out, Jenkins assigned him to a delivery area and provided deadlines for delivery, Jenkins did not otherwise control the means by which Snell accomplished the task of delivering newspapers. In fact, as the agreement specified, Snell was free to perform similar services for others. In *Twin States Pub. Co., Inc. v. Indiana Unemployment Ins. Bd.*, 678 N.E.2d 110, 114 (Ind.Ct.App. 1997), *trans. denied,* this court determined that deliverers of shopping guides, who were paid by the delivery, who provided their own transportation and were free to work for other publishers, and whose greatest restriction was their deadline, were not employees. Given Snell's similar control over the method and details of his task, this factor weighs in favor of finding Snell to be an independent contractor. *See Mortgage Consultants,* 655 N.E.2d at 495.

**B. Occupation or Business of One Employed.** Snell worked as a delivery person in Jenkins's distribution business. The distribution of newspapers differs from the delivery of newspapers, but they are not wholly distinct enterprises. This factor does not weigh heavily either for or against Snell's status as an employee.

**C. Kind of Occupation.** Given the provision in the contract that Snell retained the right to perform similar delivery services for others, Snell's occupation appears to be the kind which is not subject to a high level of supervision. This factor weighs in favor of finding Snell to be an independent contractor.

**D. Skill Required.** Snell's job was to deliver newspapers, which does not require special skill and weighs slightly in favor of his status as an employee.

**E. Supplier of Equipment, Tools, and Work Location.** With respect to whether Jenkins supplied Snell with equipment, Snell provided his own vehicle, assumed all risk of loss for operational expenses, and paid for those supplies, including bags and rubber bands, which Jenkins provided. As to the work location, although Snell had a designated paper route, he did not carry out his work at a single site for a required period of time within restrictive boundaries. Accordingly, this factor weighs in favor of demonstrating Snell's status as an independent contractor.

**F. Length of Employment.** Here, the agreement specifically did not have an expiration date. It was signed in January 2002, and it did not end until December 2005, a length of approximately four years. A long-term relationship can indicate employee status. *Moberly,* 757 N.E.2d at 1012. However, in order to be indicative of employee status, lengthy employment also contemplates regular hours. *Id.* Snell did not work regular hours for Jenkins; indeed, his only time requirement was that he meet the delivery deadline. This factor similarly points toward independent contractor status.

**G. Method of Payment.** With respect to the method of payment, Snell was paid on a per-newspaper basis, rather than in the form of a salary or hourly wage, which is more typical of payment to an independent contractor, regardless of whether Indiana Code section 22-2-9-1 (2006) includes "piece"-based compensation within its definition of "wages." *See Moberly,*

757 N.E.2d at 1012. Additionally, Jenkins was not responsible for providing benefits or withholding taxes. This factor also weighs in favor of Snell's independent contractor status.

*H. Regular Business of the Employer.* As with factor B above, newspaper distribution is distinct from newspaper delivery, but not entirely. This factor is similarly neutral.

 *I. Belief of the Parties.* Although the parties' beliefs are not determinative of master-servant relationships, they are relevant insofar as they indicate one party's assumption of control and the other party's submission to that control. *Moberly*, 757 N.E.2d at 1012–13. Here, the parties were governed by a contract which specifically entitled Snell to seek additional work and to maintain his own hours. Under basic contract law, the contracting parties' intent is evidenced by the language used in the contract. *Peoples Bank & Trust Co. v. Price*, 714 N.E.2d 712, 716–17 (Ind.Ct.App.1999), *trans. denied.* This factor weighs in favor of Snell's status as an independent contractor.

*J. Whether Principal in Business.* Jenkins was in business, so this factor weighs slightly in favor of Snell's status as an employee.

Given the above factors, which largely weigh in favor of Snell's status as an independent contractor, and in particular consideration of the leading factor of control, which also points to the conclusion that he was an independent contractor, we conclude Snell was an independent contractor rather than Jenkins's employee and therefore affirm the trial court's summary judgment in favor of Jenkins. Accordingly, we find it unnecessary to consider Snell's additional claims for damages and fees.

The judgment of the trial court is affirmed.

BAKER, C.J., and DARDEN, J., concur.