## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 16 2016, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marc S. Sedwick
New Albany, Indiana

ATTORNEYS FOR APPELLEES

Thomas R. Schultz
Justin C. Wiler
Schultz & Pogue, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian J. Bauermeister, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Sandra J. Churchman and The Courier-Journal, Inc., <br> *Appellee-Defendant.* | June 16, 2016 <br><br> Court of Appeals Case No. 88A05-1601-CT-96 <br><br> Appeal from the Washington Superior Court <br><br> The Honorable Frank Newkirk, Jr., Judge <br><br> Trial Court Cause No. 88D01-1408-CT-462 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Plaintiff, Brian J. Bauermeister (Bauermeister), appeals the trial court's summary judgment in favor of Appellee-Defendant, The Courier-Journal, Inc. (The Courier), concluding that Sandra J. Churchman (Churchman)[1] was neither an agent nor an employee of The Courier at the time of the vehicle accident.

We affirm.

## ISSUES

Bauermeister raises one issue, which we restate as the following two issues:

(1) Whether the trial court properly determined that there was no genuine issue of material fact that Churchman was not acting as an agent for The Courier; and

(2) Whether the trial court properly determined that there was no genuine issue of material fact that Churchman was not an employee of The Courier at the time of the accident.

## FACTS AND PROCEDURAL HISTORY

---

[1] Although a party before the trial court, Churchman did not file a motion for summary judgment and accordingly is not part of this appeal.  However, we will include facts related to Churchman in so far as they are relevant to Bauermeister's appeal.

[4] On February 17, 2013, Churchman was traveling northbound on Becks Hill Road, in Washington County, Indiana, while Bauermeister was traveling southbound. As Bauermeister reached the crest of the hill, he noticed Churchman's vehicle sitting in the northbound lane. He moved his vehicle a little to the right and went off the roadway. Bauermeister attempted to correct his vehicle, came back onto the roadway, but then lost control and went off the other side of the roadway. Bauermeister's vehicle crashed through a fence and rolled over before coming to a stop.

[5] At the time of the accident, Churchman was delivering the Sunday newspaper published by The Courier. Since October 1, 1992, Churchman has delivered the Sunday newspaper under a written agreement, which designates her to be an "independent contractor for all purposes." (Appellee's App. p. 7). Pursuant to the terms of the contract, Churchman receives payment dependent on the number of newspapers she delivers to The Courier's customers. She is not included in The Courier's benefit plan and does not receive any type of compensation package or retirement plan. The Courier does not withhold taxes and does not provide her with a W-2 form. Churchman uses her own vehicle for the delivery of the newspapers and must maintain all necessary licenses and insurance. Churchman picks up the newspapers from The Courier and assembles them in bags supplied by advertisers or other publishers. She has to deliver the newspapers in a dry and readable condition at the customers' addresses provided by The Courier. Although Churchman believed that all newspapers should be delivered by 7:00 a.m., the agreement with The Courier

does not provide a set time for delivery nor does it specify a specific delivery route. In addition to her Sunday newspaper delivery, Churchman is employed fulltime by Hitachi Cable.

[6] On August 7, 2014, Bauermeister filed his Complaint for Damages against Churchman and The Courier, asserting that Churchman negligently operated her vehicle and that The Courier is vicariously liable for Churchman's negligent behavior because Churchman was its employee or agent. On September 3, 2015, The Courier filed its motion for summary judgment contending that Churchman was an independent contractor, not its employee, and therefore could not be held vicariously liable for her actions. On November 20, 2015, Bauermeister filed his response in opposition to The Courier's motion for summary judgment. Thereafter, on December 7, 2015, The Courier filed its reply. On December 18, 2015, after a hearing, the trial court issued its summary judgment in favor of The Courier, concluding that there is no genuine issue of material fact that Churchman is not an employee or agent of The Courier and, therefore, The Courier cannot be held vicariously liable.

[7] Bauermeister now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

[8] Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.

Ind. Trial Rule 56(C). "A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth . . . , or if the undisputed facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009).

[9] In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id*. at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id*. When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id*. Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id*.

[10] We observe that in the present case, the trial court did not enter findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal.

*AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer this court valuable insight into the trial court's rationale and facilitate appellate review. *Id*.

## II. *Agency*

[11] Bauermeister contends that the trial court erred when it issued summary judgment in favor of The Courier, holding that The Courier could not be held vicariously liable because Churchman was not The Courier's agent at the time of the accident. Specifically, Bauermeister initially asserts that The Courier did not move for summary judgment on the agency claim and therefore the trial court was not allowed to make the factual determination that Churchman was not the newspaper's agent.

[12] In its Complaint, Bauermeister asserted that The Courier was vicariously liable for Churchman's negligence based on two theories, *i.e.*, employment and agency. In its motion for summary judgment, The Courier only moved for summary judgment based on Churchman's alleged employment status; its motion is silent with respect to the agency theory. However, after Bauermeister noted in his opposition to The Courier's motion that he also alleged an agency theory, The Courier asserted in its reply to Bauermeister's opposition that it could not be held vicariously liable under an agency theory. Nevertheless, The Courier now invites us to review the agency issue, claiming it was before the trial court despite its failure to move for summary judgment.

[13] Generally, the trial court may only grant summary judgment for the non moving party "upon the issues raised by the motion." Ind. Trial Rule 56(B); *see also Simon Property Group, L.P. v. Michigan Sporting Goods Distributors, Inc.*, 837 N.E.2d 1058, 1068 (Ind. Ct. App. 2005) (where moving party sought summary judgment only on the issue of remedies available for breach of lease, the trial court could not have properly granted summary judgment upon the issue of breach of lease because that issue was not raised in the motion for summary judgment, and the trial court properly denied summary judgment upon the non-raised issue), *trans. denied*. Here, the sole issue presented in The Courier's motion was the vicarious liability claim based on employment. The other Count of Bauermeister's Complaint was not implicated by The Courier's motion. However, Bauermeister alluded to the agency Count of his Complaint in his opposition to The Courier's motion and did not object, but rather participated, when the issue was raised during the hearing before the trial court. "A party who neglects to avail himself of a valid objection to a proceeding and stands by or participates therein until an adverse result is reached must bear the consequences." *Wisconics Engineering, Inc. v. Fisher*, 466 N.E.2d 745, 753 (Ind. Ct. App. 1984), *reh'g denied, trans. denied*.

[14] Turning to the merits of the agency claim, Bauermeister contends that because Churchman was acting within the scope of her agency at the time of the incident, The Courier is vicariously liable for her negligence. "Vicarious liability is 'indirect legal responsibility.'" *Sword v. NKC Hosps., Inc.* 714 N.E.2d 142, 147 (quoting BLACK'S LAW DICTIONARY 1404 (5th ed. 1979)). "It is a

legal fiction by which a court can hold a party legally responsible for the negligence of another, not because the party did anything wrong but rather because of the party's relationship to the wrongdoer." *Id*. Courts employ various legal doctrines to hold people vicariously liable, including apparent or actual agency. *See id*.

Bauermeister relies on actual agency to establish The Courier's liability as principal. To establish an actual agency relationship, three elements must be shown: (1) manifestation of consent by the principal, (2) acceptance of authority by the agent, and (3) control exerted by the principal over the agent. *Demming v. Underwood*, 943 N.E.2d 878, 884 (Ind. Ct. App. 2011), *trans. denied*. One who asserts that there was an agency relationship has the burden of proving its existence. *Smith v. Brown*, 778 N.E.2d 490, 195 (Ind. Ct. App. 2002). These elements may be proven by circumstantial evidence, and there is no requirement that the agent's authority to act be in writing. *Demming*, 943 N.E.2d at 884. Whether an agency relationship exists is generally a question of fact, but if the evidence is undisputed, summary judgment may be appropriate. *Id*.

The designated evidence supports that The Courier, as the principal, expressly designated Churchman as an independent contractor in its contract. Moreover, in her deposition, Churchman testified that she was not required to wear a uniform, her car did not have any indications that she was delivering newspapers, and she considered herself to be an independent contractor for The Courier. Based on this evidence, we cannot conclude that The Courier

manifested its consent to Churchman to act as its agent at the time of the accident.[2] Because there is no evidence establishing a genuine issue of material fact as to whether Churchman was The Courier's agent, the trial court appropriately granted summary judgment to The Courier.

### III. *Employment*

[17] Next, Bauermeister contends that the trial court erred when it granted summary judgment to The Courier on its claim that Churchman was The Courier's employee at the moment of the incident. Applying the ten-factor test enunciated in *Moberly v. Day*, 757 N.E.2d 1007 (Ind. 2001), Bauermeister claims that there are "numerous issues of genuine fact in dispute as to whether Churchman was an employee or independent contractor[.]" (Appellant's Br. p. 19).

[18] Whether one acts as an employee or an independent contractor is generally a question of fact for the finder of fact. *Id*. at 1009. However, if the significant underlying facts are undisputed, the court may properly determine a worker's classification as a matter of law. In *Moberly*, our supreme court proposed a ten-factor analysis to distinguish employees from independent workers:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;

---

[2] Because Bauermeister did not satisfy the first element of actual agency, we do not need to review the designated evidence with respect to the other two elements.

(b) whether or not the one employed is engaged in a distinct occupation of business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

*Id*. (quoting Restatement (Second) of Agency § 220(2) (1958)). Under this test, all factors must be assessed, and no single factor is dispositive. *Id*. However, this list of factors is not exhaustive. *Mortgage Consultants, Inc. v. Mahaney*, 655 N.E.2d 493, 496 (Ind. 1995). If enough of the indicia of an employer-employee relationship exists, an employer-employee relationship may be found despite

the parties' designation of independent contractor status. *Id.* We will review each factor in turn.

## A. Extent of Control

[19] An employee is one "employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control." *Walker v. Martin*, 887 N.E.2d 125, 131 (Ind. Ct. App. 2008), *reh'g denied, trans. denied*. An independent contractor, however, generally controls the method and details of the task and answers to the principal only as to the results. *Id.*

[20] The designated evidence supports that Churchman was answerable to The Courier for results only, not with respect to the particulars of how she went about accomplishing the assigned task of delivering a newspaper. *See Mortgage Consultants, Inc.*, 655 N.E.2d at 495. Specifically, beyond assigning a delivery area and the stipulation that the newspaper must be delivered in a dry, readable condition, The Courier did not control the means of Churchman's delivery of the Sunday newspaper. Churchman testified that she used her own vehicle, without any distinguishing marks that it was used to make a newspaper delivery, and supplied her own insurance and vehicular maintenance. She assembled the newspapers and determined her own route within the delivery area. She did not wear a uniform and did not receive any benefits. This factor weighs in favor of Churchman being an independent contractor. *See also Snell v. CJ Jenkins Enterprises, Inc.*, 881 N.E.2d 1088, 1092 (Ind. Ct. App. 2008) (Snell

was considered an independent contractor where the principal "assigned him to a delivery area and provided deadlines for delivery [and] did not otherwise control the means by which Snell accomplished the task of delivering newspapers.").

## B. Distinct Occupation or Business

[21] The Courier is in the business of compiling the news and publishing a newspaper, whereas Churchman delivers the newspapers. While both occupations appear to be distinct enterprises, they cannot be completely separated, for without a publication there would be no delivery. Moreover, it was The Courier itself that contracted with Churchman to complete the distribution part of its business. Accordingly, we find this to be a neutral factor.

## C. Kind of Occupation

[22] The designated evidence shows that Churchman remained free under her agreement with The Courier to provide services for others. In fact, at the time of the accident, Churchman worked fulltime for Hitachi Cable. As in *Snell*, we find this factor to be in favor of a finding of independent contractor status. *See Snell*, 881 N.E.2d at 1092.

## D. Skill Required

[23] Churchman's job was to deliver newspapers, "which does not require special skill and weighs slightly in favor of [her] status as an employee." *Id.*

## E. Supplier of Equipment, Tools, and Work Location

Churchman provided her own vehicle, insurance, and maintenance. She did not receive a mileage reimbursement, a cell phone, or a uniform. Although The Courier provided Churchman with a delivery area, she determined the specific route used within that area and the time to deliver the newspapers. We find that this factor weighs in favor of independent contractor status.

## F. Length of Employment

Churchman testified that she started working for The Courier on October 1, 1992. While a long-term relationship can indicate employee status, the relationship must contemplate regular hours. *Moberly*, 757 N.E.2d at 1012. Churchman did not work regular hours with a set start and end time, nor was she required to keep track of her time. Therefore, even though Churchman has a lengthy employment relationship with The Courier, in the absence of regular work hours, this factor points toward an independent contractor status.

## G. Method of Payment

Because Churchman received payment based on a per newspaper basis, Bauermeister concedes that this factor favors classifying her as an independent contractor.

## H. Regular Business of The Courier

As noted by *Snell*, this factor mirrors the second factor discussed above. *See Snell*, 881 N.E.2d at 1093. As with factor B above, newspaper publication is not

entirely distinct from newspaper distribution. Similarly to the second factor, we also determine this one to be neutral.

## I. Belief of the Parties

The parties' belief as to Churchman's status weighs in favor of an independent contractor relationship. The contract entered into between the parties explicitly classifies Churchman as an independent contractor. During her deposition, Churchman expressed the belief that she was an independent contractor and did not consider herself to be an employee.

## J. In Business

The Courier was in the news-gathering business at the time of the accident, "so this factor weighs slightly in favor of [Churchman's] status as an employee." *See id.*

Given the above factors, which largely weigh in favor of Churchman's status as an independent contractor, we conclude that Churchman was an independent contractor rather than The Courier's employee and therefore affirm the trial court's summary judgment in favor of The Courier.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly determined that there was no genuine issue of material fact that Churchman was not acting

as an agent or employee of The Courier; therefore, The Courier did not incur vicarious liability for Churchman's alleged negligent behavior.

[31] Affirmed.

[32] Kirsch, J. and Pyle, J. concur